NEW YORK COUNTY.—HON. D. C. CALVIN, SURROGATE.—
May, 1881.

U. S. LIFE INS. CO. v. JORDAN.

In the matter of the estate of CORNELIUS POILLON, deceased.

The three years' limitation, contained in Code Civ. Pro., § 2750, of creditors' proceedings to dispose of a decedent's real property for the payment of debts, etc., applies to a case where letters had been issued upon his estate, more than three years before September 1, 1880, and the personal representatives had not accounted to the Surrogate, under the Revised Statutes, before that date; since, in such a case, no right had accrued, to be saved by L. 1880, ch. 245, § 3, or by section 3352 of the Code.

Chapter 4 of that Code has no application to proceedings of this nature.

THIS was a petition by the U. S. Life Ins. Company, a creditor of the decedent, for the disposition of decedent's real property, for the payment of debts, opposed by Mary A. Jordan, the administratrix and an heir-at-law, and others ; the only question raised being whether the application was barred by section 2750 of the Code, letters testamentary having been issued in 1876, and the representative not having accounted before September 1, 1880.

EDGAR S. VAN WINKLE, for petitioner.

WELLESLEY W. GAGE, MAN & PARSONS, JNO. R. DUNN, and GEO. H. FORSTER, for contestants.

THE SURROGATE.—In Ferguson v. Broome (1 Bradf., 10), Judge BRADFORD, after holding that there was no limitation of time when a creditor should apply for the sale of the decedent's real estate, says: "I feel com-

pelled, therefore, in all proceedings instituted by cred-
itors, to require that the application be made within a
reasonable period, and wherever there has been un-
reasonable delay beyond the period of three years, to
refuse the order for the sale of real estate." In that
case, there had been a delay of twelve years, and the
learned Surrogate held that the petitioner had not suffi-
ciently shown the delay to have been reasonable. And
I am inclined to hold, with him, that "unless some limit
be imposed upon the exercise of this power, the hidden
lien of the creditor will continue to run until he thinks
fit to enforce it, while, in the meantime, those to whom
the estate has descended are uncertain of their rights,
and are restrained in the enjoyment of their property,"
and "that public policy requires that a power of such
formidable import should be strictly construed." This
view is confirmed by the time limited by section 2750,
above cited.

By *Laws* 1880, ch. 245, § 3, subd. 2, it is provided
that the repeal effected thereby does not affect any right,
defense or limitation lawfully accrued or established
before that act took effect; and that every such right
remained as valid and effectual as if said act had not
been passed, but that said subdivision did not apply to
a case provided for in chapter 4 of the Code of Civil
Procedure. To the same effect is section 3352 of the
new Code. Hence, if the petitioner's "right" to peti-
tion in this matter had "lawfully accrued," when title 5
of chapter 18 took effect, to wit: September 1, 1880, the
limitation contained in section 2750 does not apply; for
it is clear to my mind that chapter 4 does not apply to
such proceedings, either in terms or intent. I am con-

firmed in this opinion by the fact that the act of 1837, as amended, was not repealed by *Laws* 1877, ch. 417, but was repealed by the act of 1880, above cited.

But an examination of *Laws* 1837, ch. 460, § 72, as amended by *Laws* 1843, ch. 211, being § 60 of 3 *R. S.* (6 ed.), 117, shows that the right of a creditor to apply for such sale was dependent upon the fact that the executor or administrator, as such, had accounted to the Surrogate pursuant to chapter 6, part 2, title 3 of the Revised Statutes, and that it appeared that there were not sufficient assets to pay the debts of the deceased.

It affirmatively appears, by the petition in this matter, that no such accounting was had before September 1, 1880, nor has there been such since ; and it seems to me clear that no " right had lawfully accrued " to the petitioner, to be saved by the act of 1880 or section 3352 of the Code.

The provisions of section 2750 seem to me to be most salutary, and to relieve against a lax practice heretofore prevailing, tending to render uncertain titles of heirs-at-law, and I should be very unwilling, by enforcing any technicality, to weaken the force of that section, as to the limitation of time relating to such proceedings. I am of the opinion that the petition in this matter does not confer jurisdiction upon this court, to take proceedings for the disposition of the decedent's real property for the payment of debts, and that the proceeding should be dismissed.

Ordered accordingly.