NEW YORK COUNTY.—HON. D. G. ROLLINS, SURROGATE.—December, 1886.

MATTER OF VAN DYKE.

*In the matter of the estate of* ISAAC VAN DYKE, *deceased.*

Decedent died in August, 1874, and letters of administration of his estate were issued, on September 15th of that year, to M., who died September 11th, 1885, his account never having been judicially settled. In October, 1885, respondent was appointed administrator with the will of M. annexed; and on September 16th, 1886, petitioner, one of the next of kin of the first decedent, filed a petition, under Code Civ. Pro., § 2606, praying for an accounting, with a view to payment of his distributive share. Respondent answered that petitioner's claim was

barred on September 15th, 1881, seven years after the issuing of letters
to M.—

*Held*, that, by virtue of Code Civ. Pro., § 1819, which took effect September 1st, 1880, whereby a cause of action for a distributive share is deemed to accrue when the administrator's account is judicially settled, and id., § 414, making such rule applicable to special proceedings, petitioner's claim was not barred ; and that respondent must account.

APPLICATION to compel a judicial settlement of administrator's account.

ALEXANDER MELHADO, *for petitioner*.

EDWARD G. BLACK, *for administrator, c. t. a.*

THE SURROGATE.—This is a proceeding brought by one of the next of kin of Isaac Van Dyke, deceased, under § 2606 of the Code of Civil Procedure, for an order compelling an accounting from the representative of the estate of Michael M. Van Dyke, deceased, who was in his lifetime the administrator of the estate of this decedent.

Isaac Van Dyke died on August 18th, 1874. Letters of administration upon his estate were issued to Michael M. Van Dyke on September 15th, 1874. On September 11th, 1885, Michael died, leaving a will which was thereafter admitted to probate, and an estate whereof this respondent was, on October 26th, 1885, appointed administrator, *c. t. a.*

The petition by which the present proceeding was set on foot was filed on September 16th, 1886. The respondent insists by his answer that the petitioner's claim has not been capable of enforcement since September 15th, 1881, seven years after the issuance of letters to this decedent's administrator.

That the statute limiting the period for the commencement of an "action" for obtaining the relief

here sought, or other relief of kindred character, is applicable to such a proceeding as the one at bar is well settled (McCartee v. Camel, 1 *Barb. Ch.*, 455, 465; Clark v. Ford, 1 *Abb. Ct. App. Dec.*, 359; Mead v. Jenkins, 95 *N. Y.*, 31; Carman v. Brown, 4 *Dem.*, 96; Warren v. Paff, 4 *Bradf.*, 260; Martin v. Gage, 9 *N. Y.*, 398; Clock v. Chedeagne, 10 *Hun*, 97; Cole v. Terpenning, 25 *Hun*, 482; Smith v. Remington, 42 *Barb.*, 75; Am. Bib. Soc. v. Hebbard, 51 *Barb.*, 552, 570; Loder v. Hatfield, 71 *N. Y.*, 92; House v. Agate, 3 *Redf.*, 307; Drake v. Wilkie, 30 *Hun*, 537; Butler v. Johnson, 41 *Hun*, 206; Foster v. Town, 2 *Dem.*, 333).

The six years limitation prescribed by § 18, tit. 2, ch. 4, part 3 of the Revised Statutes (vol. 2, 3d ed., page 394), was kept alive after the repeal of that section by § 91 of the old Code of Procedure and is still preserved in § 382 of the Code now in force.

This limitation applies to " actions " for obtaining payment of a legacy or a distributive share, and applies also to proceedings instituted in this court by the legatee of a testator or the next of kin of an intestate for a like purpose, or for compelling an executor or administrator to account (see ·cases cited *supra*).

By § 414 of the Code of Civil Procedure the rules of limitation prescribed by § 382 are made applicable (save in certain cases not necessary to be here specified) to all civil actions and special proceedings. It does not matter when the cause of action may have arisen or accrued, whether after or before the enactment of ch. 4 of the Code, except only that where

before such enactment the right to relief had already become extinguished, it is not revived.

Section 410 when read in the light of the definition of the word "action," employed in § 414, postpones the commencement of the time within which an action or special proceeding can be instituted, in cases where a demand is necessary to entitle a person to maintain such action or proceeding, until the time when the right to make such demand is complete. It was provided by § 9, tit. 5, ch. 6, part 2 of the R. S.; 3 Banks, 6th ed., 1232 (and this provision continued in force until the adoption of the second part of the Code of Civil Procedure), that an action or proceeding to recover a legacy or distributive share would not lie until after reasonable demand for payment; and such demand could not be made until the expiration of a year from the granting of letters testamentary or letters of administration.

Whether we look, therefore, to § 410, *ante,* or to § 9, *ante,* as applicable to the matter now under discussion, it is clear that, but for a Code provision not yet referred to, if the administrator of this decedent had been living on September 16th, 1886, the date of the filing of this petition, and if on that day, which was more than one year plus six months after such administrator had obtained his letters, a proceeding had been brought against him similar in character to the present, he could have successfully interposed the shield of the Statute of Limitations.

His right to the protection of that statute if it accrued at all did not accrue however until September 15th, 1881. Now on September 1st, 1880, § 1819 of

the Code of Civil Procedure became law. That section declares that "if after the expiration of one year from the granting of letters testamentary or letters of administration, an executor or administrator refuses upon demand to pay a legacy or distributive share, the person entitled thereto may maintain such an action against him as the case requires. But for the purpose of computing the time within which such an action must be commenced, the cause of action is deemed to accrue when the executor's or administrator's account is judicially settled, and not before." This section is a substitute for § 9, tit. 5, ch. 6, part 2, R. S., to which I have before referred.

In view of the provisions of § 1819 and of the authorities above cited establishing the applicability to proceedings in this court of the rule of limitations applied in like cases in actions, I cannot doubt that as this decedent's administrator never rendered any account of his trust, the petitioner could have maintained against him a proceeding like the present as well after as before September 15th, 1881. This right subsisted at the time of the administrator's death, and is now, under § 2606 of the Code, enforcible against his representative. This conclusion is supported by § 3352, whose provisions are, in substance, identical with those of subdivision 2, sec. 3, ch. 245, of the laws of 1880. The effect of both those enactments is to exempt from the operation of § 1819 those cases, and those cases only, in which the right to interpose the Statute of Limitations had accrued before § 1819 became law (U. S. Life Ins. Co. v. Jordan, 5 *Redf.*, 209; People v. French,

31 *Hun,* 617; Acker v. Acker, 81 *N. Y.,* 143; Butler v. Johnson, *supra*).

The respondent must account.