WESTCHESTER COUNTY.—HON. OWEN T. COFFIN, SURROGATE.—February, 1887.

## CRAWFORD v. CRAWFORD.

*In the matter of the estate of* ELIZA BARKER, *deceased.*

Upon the return of a citation issued, in a special proceeding instituted under Code Civ. Pro., § 2606, as amended in 1884, by a legatee under a will, to compel the personal representative of a deceased executor thereof to account, with a view to payment of his legacy, the respondent cannot present a petition, under id., § 2728, for a judicial settlement of his account, and a citation to all persons interested in the estate of the first decedent to attend the same.

Popham v. Spencer, 4 *Redf.*, 401; Spencer v. Popham, 5 *id.*, 428—adhered to.

ELIZA BARKER died in December, 1876, leaving a last will and testament, of which Joseph S. Barker, her husband, became the duly qualified and acting executor. He died in September, 1885, leaving a will, of which Morris D' C. Crawford, David Reed and William A. Miller were the executors. On January 11th, 1887, Hanford Crawford, a residuary legatee named in the will of Eliza Barker, deceased, presented a petition praying that the executors of the will of the deceased executor be required to account for all his proceedings as such executor, and for the trust property belonging to the estate of Eliza Barker which came into his hands, or was under his control; and to deliver over the undistributed balance, if any. The executors of the will of Joseph S. Barker, on the return day of the citation issued upon said petition, presented an application, praying that all of the persons interested in the estate of Eliza Barker, deceased, be

cited to attend their accounting in regard to her estate.

WILLIAM D. LEONARD, *for Hanford Crawford.*

G. H. & F. L. CRAWFORD, *for executors, etc., of Joseph S. Barker, deceased.*

THE SURROGATE.—Since the decision of the cases of Popham v. Spencer (4 *Redf.*, 401) and Spencer v. Popham (5 *id.*, 428), section 2606 of the Code, which was the subject of construction in those cases, has been amended.    While admitting the correctness of the conclusion there reached, the counsel for the present executors contend that, under such amendment, it is no longer tenable ; that the proceeding, now sought to be taken by them, is warranted by that section as it now stands.    If the view expressed before that amendment was sound, the alteration to its present phraseology does not seem to confer a power which was then deemed lacking ; to wit, the power, sought to be invoked by the executors, of calling in all of the persons interested in the estate of Eliza Barker, deceased, to attend a judicial settlement of the accounts of the executors of the deceased executor.    The effect of the amendment, in this respect, is only to enlarge the field of coercion.    Formerly, they could only have been called upon to account for and deliver over any of the trust property which had come into their possession, or was under their control ; while now, they may be compelled to account generally, for the whole estate.    This, it seems to me, is the only effect of the amendment, in so far as the matter under consideration is concerned.    No authority appears to

be given to the executors to make the present application.

The petition of Hanford Crawford states that Joseph S. Barker, as executor "proceeded to administer the estate of the said Eliza Barker"; and the counsel for the executors of the deceased executor, in their statement of facts, accompanying their brief, declare that the deceased executor "settled the estate, but had no final accounting." If the estate has been settled, then there is no "creditor or person interested" in it, who can be a party to any proceeding relating to it, in this court. If the creditor has been paid, he ceases to be a creditor; if a legatee has received the full amount of his legacy, his interest in the estate is ended. No successor to the deceased executor has been appointed, and no executor survives him. The present executors have no power to move in the matter (Bunnell v. Ranney, 2 *Dem.*, 327), and it is, therefore, impossible to conceive how any accounting, in regard to the estate of Eliza Barker, can be had, if it be true that the executor of her will settled her estate in his lifetime. Assuming that he did, then both applications should be denied. If he did not, then that of Hanford Crawford, provided any portion of his legacy remains unpaid, will be granted, and that of the executors denied.