## In re HODGMAN'S ESTATE.

### (Supreme Court, General Term, Third Department. May 26, 1890.)

1. **EXECUTORS AND ADMINISTRATORS—SETTLEMENT AND ACCOUNTING.**

   A will provided that $10,000 should be held by the executors until the death of Angeline M. Cobb, and then paid to Frederick D. Cobb, if he survived her, and arrived at 21 years,—if not, to fall into the residue,—and that the other legacies should be paid when the estate was ready for settlement, and that, if there was not enough to pay the legacies in full, they should abate equally. *Held*, the estate could not be settled until the happening of the contingencies determining the disposition of the $10,000, and limitation did not begin to run before that time against the authority of the surrogate to order an accounting.

2. **SAME—CONSOLIDATION OF ACTIONS.**

   Where three separate petitions were filed, requiring different surviving executors, and executors of deceased executors, to file accounts, and that all persons interested should be cited to attend a final settlement of the estate, an order requiring an executor to account will not be reversed because the surrogate heard all the proceedings together, when no evil result is shown; and, where the rights of all persons were protected, it was immaterial whether the proceedings were consolidated, and a single order made, or were separately entitled, and separate orders entered.

3. **SAME—ACCOUNTING.**

   Code Civil Proc. N. Y. § 2606, authorizes a surviving executor, who is also personally interested in the estate, to cite the executors of a deceased executor to account.

4. **SAME—EVIDENCE—INVENTORY.**

   In the hearing upon such citation, an inventory signed by the deceased executor was properly admitted in evidence against his executor.

Appeal from surrogate's court, Albany county.

Proceedings to require an accounting by the surviving executors, and the executors of deceased executors, of the will of Frederick D. Hodgman, deceased.

Argued before LEARNED, P. J., and LANDON and MAYHAM, JJ.

*C. H. Sturges,* for appellants. *Lyman H. Northrup,* for respondent Hodgman. *Charles S. Foote,* for respondent Yates.

LEARNED, P. J. This is an appeal from that part of a surrogate's order which required Asahel R. Wing, as executor of Philander C. Hitchcock, to render an account of the proceedings of said Hitchcock as executor of Frederick D. Hodgman, deceased. Letters testamentary on the will of Hodgman were issued February 13, 1874, to Mary E. Hodgman, (now Mary E. Yates,) Alfred C. Hodgman, Philander C. Hitchcock, and James Cheesman. Cheesman died April 26, 1882, and letters testamentary on his will were issued to James H. and Olive Cheesman. Philander C. Hitchcock died August 27, 1888, and letters testamentary on his will were issued to Asahel R. Wing, December 12, 1888. Alfred C. Hodgman and Mary E. Yates survive. July 24, 1889, Alfred C. Hodgman filed a petition that Mrs. Yates, surviving executrix, Wing as executor of Hitchcock, James H. and Olive Cheesman, executor and executrix of Cheesman, deceased, render an account of the proceedings of said Mrs. Yates and of Cheesman, deceased, and Hitchcock, deceased, as executors of Hodgman, deceased. On the return-day, Mrs. Yates filed a petition that Alfred C. Hodgman, executor, be cited to account. Subsequently, she filed a further petition setting forth the persons interested in the estate of Hodgman, deceased, and praying that Cheesman and Cheesman, executor and executrix of Cheesman, deceased, and Wing, executor of Hitchcock, deceased, be cited to render their accounts, and that all persons interested be cited to attend a final settlement. Wing, executor, objected that the

surrogate had no jurisdiction to entertain the accounting as prayed for in the petition of Hodgman and in that of Mrs. Yates. He also put in an answer setting up, among other things, the statute of limitations. Cheesman and Cheesman, executor and executrix, also put in an answer setting up that statute and other matters. On the hearing the surrogate ordered that, to save labor and costs, the proceedings be heard together as one consolidated proceeding, to which Wing excepted. The proceedings then went on, and testimony was taken; and in conclusion the surrogate ordered that Mrs. Yates be permitted to settle her account as executrix; that Hodgman settle his account as executor; that the Cheesmans, executor and executrix, settle the account of their testator as executor; and that Wing, executor, render and settle the account of his testator as executor of Hodgman, deceased. It is from this last part that Wing, executor, appeals.

We see no objection to the practice of the surrogate in hearing these matters together. The case shows that on September 11, 1889, when Mrs. Yates' petition was filed, an order was made that the proceedings be consolidated. No appeal from that order appears. When a hearing was had, December 10, 1889, the surrogate directed that the proceedings "be heard together as one consolidated proceeding." It is hardly necessary to inquire whether a formal consolidation could be made. It would be proper enough, unless some evil should be shown, to hear these matters together. And whether the proceedings should be separately entitled, or whether separate orders should be drawn, cannot, we think, be very material, as long as the rights of the parties are protected.

Section 2606, as amended, (Laws 1884, c. 399,) authorized Alfred C. Hodgman, either as surviving executor or as a person interested in the estate, both of which the petition showed him to be, to cite Wing, executor, to account. *Clark* v. *Ford*, 1 Abb. Dec. 359, cited by appellant, was decided under the Revised Statutes. Whether the surrogate, on the accounting, could decree payment of the legacy owing to Alfred C. Hodgman, is a question not before us. The appellant urges that Hodgman, as legatee, could cite Mrs. Yates, but could not as executor. However that may be, Mrs. Yates does not appeal, and it is not for Wing to take this objection. The only question for him is whether he, as executor, ought to account. The appellant further objects that there is no authority for a general citation of persons interested, and that he is liable to be called to account by successive petitioners. *Crawford* v. *Crawford*, 5 Dem. Sur. 37. Whether this be so or not, it can do no harm to this appellant that persons interested in the Hodgman estate were cited on the petition of Mrs. Yates. If those parties were properly before the court, this accounting by Wing may preclude them from citing him again. If they were not, we see no harm to him.

It is objected that the inventory was improperly admitted in evidence. It was signed by the deceased executor, Hitchcock, and was therefore evidence against him, and against his executor. Some other objections to evidence are taken. But we do not see that it is material to discuss them. Nothing is decided against appellant by the order except that he render an account. Now, all that is needed to entitle the petitioner to this is to show that Hitchcock was one of the executors of Hodgman, that he has died, and that Wing is his executor. About these facts there is no dispute.

The important question is whether the proceeding is barred by the statute of limitations. The case of *Butler* v. *Johnson*, 111 N. Y. 204, 18 N. E. Rep. 643, is important on this point; and it is desirable to understand what was there decided, and the grounds of the decision. At page 213 the court speaks of several remedies of a legatee,—one to a decree for payment of the legacy, another to have an accounting. At page 217 it seems to be held that the cause of action for a legacy, and the other proceedings for the recovery of a legacy, are barred by the six-year limitation. Thus the same view is taken

in this respect which was held in *Re Van Dyke*, 44 Hun, at 397, viz., that an action to recover a legacy was one to enforce an obligation,—a liability not arising on a sealed instrument, (Code, § 382, subd. 1,)—which is, in substance, the provision of the Revised Statutes. See cases cited in *Re Van Dyke*, 5 Dem. Sur. 331. It does not seem to have been considered in either of those cases that wills are often executed under seal, (the one in question was apparently so;) and, though a seal is not necessary, yet in *Dewinelle* v. *Edey*, 102 N. Y. 423, 7 N. E. Rep. 422, where a co-partnership contract was under seal, although a seal was not necessary, the court held that an action on an agreement therein was not barred until 20 years. Similarly, *Long* v. *Stafford*, 103 N. Y. 274, 8 N. E. Rep. 522. See, however, *Loder* v. *Hatfield*, 71 N.Y. at 104, and *Society* v. *Hebard*, 51 Barb. 552. The case of *Butler* v. *Johnson* was an action to restrain an executrix from selling real estate to pay debts and legacies, and hence the inquiry whether the legacies were not barred by the six-years limit. In regard to the limit on an accounting, we do not see that any reference has been made to the language of section 2735, Code Civil Proc., that the surrogate may at any time make an order requiring the accounting party to make and file his account, or to the language of section 2724, that the surrogate may from time to time compel a judicial settlement. But we do not propose to discuss the matters thus suggested. Even under the Code of Civil Procedure, it could not be claimed that the statute of limitations begins to run until the right to relief by action, special proceeding, or otherwise, accrues. Section 414.

Now, if we look at the will in this case, we find that $10,000 are to be held till the death of Angeline M. Cobb, and then to be paid to Frederick D. Cobb, if he survives her, and arrive at 21 years; if not, to fall into the residuum. She is living. Furthermore, the legacies to the wife of the deceased Hodgman are to be paid as soon as convenient, but the other legacies are to be paid when the estate is ready for a settlement; then, if there is not enough to pay the legacies in full, they are to abate equally. Now, could it be said that the estate was ready for a settlement, so that a legatee could have sued? The failure to account seems to indicate that it is not ready yet. And can there be a settlement, within the meaning of that clause, until it shall be determined whether the $10,000 go to Frederick D. Cobb, or fall into the residuum? Nothing is found as to his age. We do not mean that a partial settlement could not have been made, and some part of the legacies paid. But it could not be determined to whom these $10,000 were to be paid until the death of Mrs. Cobb, or perhaps until Frederick D. arrived at 21 years. It appears by the findings that some of the pecuniary legacies have been paid, and as to others nothing is found, and, after the payment of these legacies, there is a bequest of the residue to certain parties. Assuming, however, the argument of the appellant, that the six years within which the deceased executor could have been called to account, would have expired August 18, 1881, we have section 1819 of the Code of Civil Procedure taking effect before that date, and declaring that the cause of action is deemed to have accrued when the executor's account is judicially settled, and not before. Now, it must be noticed that in *Butler* v. *Johnson*, at page 212, the court recognize the effect of section 1819, and say that the reasoning in that case depends on the question whether the action was barred before that time. If not, the court practically admits the effect of that section. We are aware of the conflicting decisions of *In re Latz*, 33 Hun, 618, and *In re Van Dyke*, above cited. Perhaps it may not be necessary to decide between them. But we would remark that section 414 declares that the rules of limitation of that chapter apply, and are the only rules applicable, to an action or special proceeding, classing the two together. Section 415 states when the limitation begins to run, and section 1819 states when the cause of action is deemed to accrue. Furthermore, after judgment has been recovered against an executor for a sum of

money, execution cannot be issued without an order of the surrogate, (section 1825,) and the proceeding to obtain such order seems necessarily to involve an accounting of some kind, (section 1826;) for it is necessary to show that the executor has assets above expenses and above prior claims, and also what is plaintiff's just proportion of such surplus of assets. It seems to us that that proceeding looks very much like an accounting. But, in the present case, we consider it enough to refer to what has been already said as to the time when the legacies under this will were payable. When an executor dies, he may be in debt to the estate of his testator, and he may also be in possession of unadministered assets. The unadministered assets, if they come to the possession of his executor, do not belong to him; and the debt, if any, owing by the deceased executor to the estate of his testator, is a claim against the estate of the deceased executor. In respect to each of these matters, therefore, the executor of a deceased executor has a right to be heard; and such hearing is probably provided for by section 2606. We think the order of the surrogate should be affirmed, with $10 costs and printing disbursements to each respondent. All concur.