### PELTZ et al. v. SCHULTES et al.

*(Supreme Court, General Term, Third Department. July 2, 1892.)*

1. EXECUTOR OF EXECUTOR—ACTION TO COMPEL ACCOUNTING—LIMITATION.

W. died after bequeathing his personal property to his wife, M., for life, with remainder to certain legatees; naming M. as his executrix. M. died about 14 years thereafter, appointing defendants as her executors. M. never settled her accounts as executrix of W., and the administrators *d. b. n.* of W. brought an action against defendants as executors of W. to obtain such settlement. *Held*, that the fact that more than seven years elapsed prior to the death of M. without any such proceeding against her by the beneficiaries in remainder was no defense to the action, since M. was herself entitled to the whole property for her lifetime.

2. SAME—ACCRUAL OF CAUSE OF ACTION.

The defense that none of the beneficiaries had taken steps against M. to compel an accounting within six years after the issuing of letters testamentary to her was bad, for the same reason.

Appeal from surrogate's court, Albany county.

Action by John De Witt Peltz and Harriet Wagner, administrators *de bonis non* of Isaac H. Watson, deceased, against John A. Schultes and another, executors of Mary Watson, deceased, late surviving executrix of Isaac H. Watson, deceased. From a judgment for plaintiffs, defendants appeal. Affirmed.

Argued before MAYHAM, P. J., and PUTNAM and HERRICK, JJ.

*John D. White,* (*Eugene Burlingame,* of counsel,) for appellants. *William McElroy,* (*William L. Learned,* of counsel,) for respondents.

HERRICK, J. This is an appeal by the defendant from an order of the surrogate of Albany county, requiring them as executors of Mary Watson, deceased, to account for the property that came into her hands as executrix of Isaac H. Watson, deceased. Some time in the year 1871, Isaac H. Watson, then a resident of Albany county, died, leaving a last will and testament, which was admitted to probate by the surrogate of Albany county on the 6th

day of June, 1871. On the same day, letters testamentary were issued to John J. Canaday as executor and Mary Watson as executrix; they being so designated in the will. Both duly qualified, and thereafter filed an inventory of the estate. On or about October 26, 1875, the said John J. Canaday died intestate. On or about September 25, 1889, Mary Watson died, leaving a last will and testament, wherein the defendants were named as executors, and which will was admitted to probate by the surrogate of Albany county January 9, 1890; and on the same day the defendants duly qualified as executors, and thereafter, and on March 10, 1890, duly filed their inventory of the personal effects of the estate of Mary Watson. No judicial settlement of the estate of Isaac H. Watson has ever been had by the executors thereof, or either of them. With the exception of some specific legacies to other parties, Isaac H. Watson bequeathed all his property, both real and personal, to his wife, Mary Watson, during her life. He further provided for the distribution of his property among various legatees one year after the death of his wife. On the 24th day of November, 1891, letters of administration with the will annexed, of the estate of said Isaac H. Watson, were issued by the surrogate of Albany county to the respondents, who duly qualified as such administrators. None of the beneficiaries under the will of Isaac H. Watson ever attempted to bring the executors of his will, or either of them, to an account. The respondents, as such administrators of the will of Isaac H. Watson, applied to the surrogate of Albany county to have the defendants, as executors of the will of Mary Watson, render an account of any property that had come into their hands as such executors that belonged to the estate of Isaac H. Watson. The defendants resisted such application, alleging that more than seven years had elapsed prior to the death of Mary Watson, and after the issuing to her of letters testamentary; also, that none of the beneficiaries under the will, although not incapacitated so to do, had taken any steps to compel an accounting within six years from the time such right accrued.

I think the decree of the surrogate should be affirmed. The right to compel the executor of an executor to account upon the application of the successor of the original executor is provided for by section 2606 of the Code of Civil Procedure. The right to demand an accounting of the defendants did not accrue until their appointment. The property that is being sought, and for which they are asked to account, was not to be distributed until the death of their testator, Mary Watson. Until that time the legatees had no right to demand the same, and the statute would not run against them. They could not sue for their legacies, and could not have an accounting. *In re Hodgman,* (Sup.) 10 N. Y. Supp. 491. The right to a distribution and to a final accounting of the estate of Isaac H. Watson could not arise until the death of Mary Watson. The defendants have no right to the remainder of that estate in the possession of their testatrix at the time of her death. If, instead of dying September 15, 1889, Mary Watson had so conducted herself that the letters granted to her had been revoked on that day, she could have been made to account for the property in her hands as executrix, and turn the same over to her successor. The defendants occupy her position, and must account in the same manner. *In re Clark,* 119 N. Y. 427, 23 N. E. Rep. 1052; *In re Wiley,* 119 N. Y. 642, 23 N. E. Rep. 1054. The decree of the surrogate should be affirmed, with costs and printing disbursements to be paid by the defendants personally. All concur.