### PELTZ et al. v. SCHULTES et al.

*(Supreme Court, General Term, Third Department.*    September 29, 1892.)

EXECUTORS—PERSONAL LIABILITY FOR COSTS—ACTING ON ADVICE OF COUNSEL.

Where the executors of one M., who had been executrix of one W., resist an application by the administrator *de bonis non* of W. for an accounting of property in their hands belonging to the estate of W., and appeal from the decree directing such accounting, they will not be relieved from personal liability for costs on the ground that they were advised by counsel and by the creditors of M. to resist the application and take the appeal.

Motion by defendants (appellants) to modify a decree after an affirmance by the general term. 19 N. Y. Supp. 637. Denied.

Argued before MAYHAM, P. J., and PUTNAM and HERRICK, JJ.

*John D. White,* (*Eugene Burlingame,* of counsel,) for appellants. *William McElroy,* (*William L. Learned,* of counsel,) for respondents.

PER CURIAM. At the last term of this court we affirmed the decision of the surrogate in the above-entitled matter, and awarded the costs and expenses of the appeal against the defendants personally. 19 N. Y. Supp. 637. The defendants now apply to this court to have the decree against them so modified as to relieve them from any personal liability for such costs and expenses. They allege in their petition for such relief that when they were asked to account for any property belonging to the estate of Isaac H. Watson that had come into their hands as the executors of Mary Watson they consulted counsel, and also the creditors of Mary Watson, and did the same thing again after the decision of the surrogate, from which they appealed; and they claim to have been advised by such counsel and creditors to take the course that they have taken. The facts in the case are sufficiently stated in the opinion handed down when the appeal was decided. It is very clear that the executors of the estate of Mary Watson had no right to retain any of the property of Isaac H. Watson. The creditors of Mary Watson had no interest in it. There was no reason why they should be consulted in regard to it. The defendants must have known that the creditors of Mary Watson could not be paid out of the assets of Isaac Watson. Again, they state that they were advised to set up the statute of limitations in opposition to their being brought to account. That was briefly discussed in the opinion heretofore pronounced in this case. The effect of a successful effort in that respect will be adverted to here as bearing upon the consideration the defendants are entitled to from this court upon this application. Had the defendants been successful in that defense, they would have been left in possession of property to which they had no right or title, and for which no one could call them to account. The defendants must have been perfectly aware of that. It is not the case of executors resisting the payment of a stale claim made against an estate, but apparently an attempt to invoke a statute enacted for other purposes, to enable them to retain property to which they are not entitled from those who are. The plea, under the circumstances, was an unconscionable one, and leaves the defendants open to the suspicion that by invoking it the defendants intended under the forms of law to appropriate to their own use property which did not belong to them. The proceedings in the case are not such as to commend themselves to the court, and the motion must be denied, with $10 costs, to be paid by the defendants personally.