(10 Misc. Rep. 450.)

## LANGWORTHY v. CRISSEY.

(Supreme Court, Special Term, Chautauqua County.   December 3, 1894.)

1. GIFTS CAUSA MORTIS—APPREHENSION OF DEATH.
   Apprehension by a donor of death from present disease or impending danger is essential to a valid gift causa mortis.
2. GIFTS INTER VIVOS—TAKING EFFECT AT DONOR'S DEATH.
   The delivery of a note, without indorsement, to a person to be unconditionally delivered to another on the donor's death, is sufficient to constitute a valid gift inter vivos.

Action by John R. Langworthy against Elverton Crissey.   Judgment for plaintiff.

A. R. Moore, for plaintiff.

Frank W. Stevens, for defendant.

WARD, J.   The plaintiff sought to recover upon a promissory note executed and delivered by the defendant to Cornelia Langworthy in 1885 for $448, payable to her order.   The plaintiff is the son of Cornelia Langworthy.   The defendant is her son-in-law.   She lived about two miles from Sinclairville, in Chautauqua county.   Mrs. Rosina Love, who resided at Sinclairville, was her sister-in-law. About September 1, 1891, Mrs. Langworthy went to Sinclairville, and delivered the note, without indorsing it, to Mrs. Love, saying in effect that it was for the plaintiff; that she wanted him to have it; that he was poor and crippled, and needed it; that if he were there she would have given it to him then; and she directed Mrs. Love to take care of the note, and when she died to give it to the plaintiff, and expressed some fears that unless it was taken care of it might be lost.   Some talk was had as to how the note was to be kept in the meantime, and the ladies finally concluded that Mrs. Love should seal it up in an envelope, and deposit it in a bank at Sinclairville for safe-keeping, and upon the death of Mrs. Langworthy, Mrs. Love was directed to deliver the note to the plaintiff.   There was no reservation of interest in the note, or right to recover its possession, made by Mrs. Langworthy, who will hereafter be termed the "deceased." Mrs. Love deposited the note in the bank as directed, and after the death of the deceased, which occurred the latter part of December, 1891, Mrs. Love obtained the note from the bank, and delivered it to the plaintiff, who has since retained possession thereof, and brings this action to recover the amount thereof, claiming title thereto as an absolute gift from the deceased; and the sole question tried was whether there was a valid gift of the note to the plaintiff.   When the plaintiff's proof was closed, the defendant moved for a nonsuit, and, failing that, moved that the court direct a verdict for the defendant.   The plaintiff moved that a verdict be directed for himself.

Neither party asked to go to the jury, and the court directed a verdict for the plaintiff for the amount of the note and interest, deducting a small payment thereon of $10.

The defendant claims that the facts proved in this case did not create a valid gift of the note to the plaintiff, either inter vivos or causa mortis. The deceased was about 76 years of age, and, though feeble in health, and somewhat apprehensive of death, seemed to have no positive disease at the time she delivered the note to Mrs. Love. When she died, in December thereafter, it was from a sudden attack of la grippe. In order to make her act a gift causa mortis, it must have been done under the apprehension of death from present disease or other impending peril, and death must result therefrom, or from some other disease existing at the time of the gift. Ridden v. Thrall, 125 N. Y. 572, 26 N. E. 627. These conditions did not obtain in this case, and the gift was not, therefore, made causa mortis.

The remaining question is whether this may be regarded as a gift inter vivos, or that the facts established a trust in favor of the plaintiff, of which he could avail himself after the death of Mrs. Langworthy. In either event, the title to the note has passed to him. Had the note been delivered to the plaintiff by the deceased with the above statements accompanying it, no question as to a complete gift inter vivos could arise. Had she delivered the note to Mrs. Love with the same statements, and that she should deliver it to the plaintiff, and that was done in the life of Mrs. Langworthy, then no question of the validity of the gift could successfully be made. A delivery to a third person for the use of the donee · is sufficient. Hunter v. Hunter, 19 Barb. 663; Grymes v. Hone, 49 N. Y. 20, 22, and cases cited; Hathaway v. Payne, 34 N. Y. 92. It was not necessary to indorse or assign the note to pass the title. Montgomery v. Miller, 3 Redf. Sur. 155; Westerlo v. De Witt, 36 N. Y. 340, Hackney v. Vrooman, 62 Barb. 650. The question here is whether the delivery of the note with the accompanying statement to Mrs. Love, the subsequent death of the deceased, and the delivery of the note to the plaintiff, was equivalent to a present delivery to him. There can be no doubt as to the intention of the deceased,—that she intended an absolute gift at the time of such delivery to Mrs. Love; and that the expedient of Mrs. Love's retaining it for a time was to preserve it for the plaintiff, who was absent. To deprive the plaintiff of this property would be to defeat such intention, and the courts will strive to effectuate such intention when it can be done consistently with the rules of law. Assuming, however, that the event upon which the possession of the note was to pass to the plaintiff was the death of the donor, it was an event certain to occur. The donor had done all that was necessary to accomplish her purpose of vesting the title to the note in the plaintiff and the acceptance may be implied where the gift, otherwise complete, is beneficial to the donee. Beaver v. Beaver, 117 N. Y. 421, 22 N. E. 940; Matson v. Abbey (Sup.) 24 N. Y. Supp. 284; Hunter v. Hunter, supra. In the last case the marginal note, fairly reflecting the decision, is as follows:

"A delivery to the donee in person is not necessary. A delivery of the thing granted to another person for the use of the donee is sufficient, and the

donee's subsequent demand of the property given, and his efforts to obtain possession thereof after the same has come into the hands of the donor's executor, is evidence of his acceptance of the gift."

Under these circumstances, was not the gift completed within the spirit of the law? I think that it was. The requirement that actual delivery of the subject of the gift should be had and be clearly proved was to shut the door against fraud by showing unequivocal acts of transfer. This purpose of the law is as well accomplished by this species of delivery as any other. Delivery of this kind has been sustained as to important transfers of real estate. The delivery of a deed of real estate to a third person, to be delivered to the grantee after the death of the grantor, has been sustained in numerous cases. The delivery being regarded as of the time of the delivery to the third person, and while the grantor was still alive, and asserting the principle that where the delivery to the grantee depends upon an event certain, and thus is only a question of time, it is regarded as vesting the title in the grantee as of the time of the first delivery. Hathaway v. Payne, 34 N. Y. 92, 105, et seq., and cases cited; Diefendorf v. Diefendorf, 132 N. Y. 100, 108, 30 N. E. 375. Why not apply the principle here asserted to the case before us? I can see no difference in principle between the gift of real estate by deed and the gift of personal property by note or other evidence of debt. In Green v. Tulane (N. J. Ch.) 28 Atl. 9, where T. deposited bonds with a third person to be delivered to M. and her sister after the death of T., it was held to be a valid gift to the donees, which became effective after the death of T. A wife, on her deathbed, and in the presence of her husband, and with his consent, delivered money belonging to him to a third party in trust for her children. Held a completed gift on the part of the husband. Frazier v. Perkins, 62 N. H. 69. A delivery of notes by the owner to his son with the agreement that such owner shall have the interest thereon as long as he lives, and at his death they shall be divided between two of his daughters, is valid as a gift inter vivos. Seavey v. Seavey, 30 Ill. App. 625. And see Second Nat. Bank v. Merrill & Houston Iron Works (Wis.) 50 N. W. 503; Reynolds' Adm'rs v. Reynolds (Ky.) 18 S. W. 517. Should it be necessary, in order to sustain this gift, to regard Mrs. Love as a trustee for the plaintiff, and the delivery to her, with the directions accompanying it, vested the absolute title to the note in the plaintiff through such trustee, there are not wanting authorities which at least inferentially sustain that position. Grymes v. Hone, 49 N. Y. 22, 23; Martin v. Funk, 75 N. Y. 134. And the trust may be by parol. Wadd v. Hazelton, 137 N. Y. 218, 33 N. E. 143; Gilman v. McArdle, 99 N. Y. 451, 2 N. E. 464. And, though made without the knowledge of the beneficiary, may be adopted by him. Berly v. Taylor, 5 Hill. 586 et seq. These views lead to the conclusion that the verdict should be sustained, and the motion for a new trial is therefore denied, with $10 costs. Ordered accordingly.