cars, all the lumber of a certain kind therein described, which was located upon a tract of land in the vicinity of defendants' mill, at the rate of eight dollars per thousand feet. The day following, the plaintiff took possession of the land upon which this timber was standing, and commenced operations under this contract. Preliminary to the work of cutting and removing this timber the plaintiff constructed slides down the sides of the mountain; he also constructed camps and barns and a house, and built a tram road, and he thereupon proceeded to cut the timber, and did actually cut and load upon the cars about 537,000 feet of logs, for which he was duly paid in accordance with the terms of the contract. While in the process of cutting the timber in question, and about the middle of December, 1891, the sheriff of Elk county, Pennsylvania, served upon the plaintiff an order in the nature of an injunction, restraining him from proceeding any further in the work of cutting said timber. In obedience to the mandate of the court the plaintiff did abstain from any further attempt to cut the timber upon said premises, and before the injunction order was vacated the season for cutting timber had expired. The plaintiff was unable to proceed any further in the fulfillment of his contract. He was prevented from cutting the timber which remained, and which amounted, as he alleges, to about one and one-half million feet, and he claims to have sustained damages in the sum of $3,000 by reason of loss of profits in not being permitted to cut the same. This action was brought to recover that amount, and was tried upon the theory that the defendants availed themselves of the injunction order in question, which it appears was obtained at the instance of a stranger to the action, to prevent the plaintiff from the performance of his contract, and the principal question submitted to the jury was whether or not the plaintiff's inability to avail himself of his contract was attributable to improper interference on the part of the defendants. On this issue the jury rendered a verdict in favor of the plaintiff for the sum of $600. We have examined the record in this case with great care, and as a result of that examination have reached the conclusion that the verdict of the jury was against the weight of evidence. So far as we are able to discover, the plaintiff entered upon the performance of his contract with every indication of a desire on the part of the defendants that it should be fulfilled in accordance with the terms thereof, and he was proceeding to fulfill the same when he was prevented by the injunction order, issued out of a Pennsylvania court, at the instance of a party who, so far as the record discloses, bore no relation whatever to any of the parties to this action. There is not the slightest evidence that the defendants instigated or were in any manner instrumental in procuring that order. No motive whatever is disclosed for any such action upon their part, but, upon the contrary, the fair inference seems to be that it was quite as annoying in its effect upon them as upon the plaintiff, and that upon being informed of its service they undertook at once in good faith, to procure its vacation, but were not immediately successful in the attempt. It is true that they instructed the plaintiff not to cut any more timber after the order was served, but this direction appears to have been cautionary merely, and the fact that the order was served upon them several days before it was upon the plaintiff, and that they did not attempt to prevent his cutting timber until it was actually served upon him, furnishes a pretty strong evidence that they were not very anxious to avail themselves of it as an excuse for any interference on their part. Considerable stress seems to be laid upon the fact that when the plaintiff handed the injunction order to the defendant Mundy, the latter stated that it was what he had been wanting, and the inference sought to be drawn from this interview is that Mundy had been anticipating the service of the paper, and intended to express his satisfaction that it had been served. It is doubtful, however, if the evidence will warrant the construction contended for by the plaintiff, and apparently given to it by the jury, for the plaintiff himself testified that in connection with this remark Mundy directed him to go right back over there, and said that he would furnish a bond and have the timber released by the following Monday so that he, the plaintiff, could go on cutting. It is true, as has already been suggested, that the defendants were not at first successful in their attempt to have the order vacated, but there is no proof that they did not do all that lay in their power to accomplish that object. Ultimately, however, the order was vacated, but it was then too late in the season to cut any more timber because, as was stated to the plaintiff by Mundy, the timber was not of much value when cut with the sap in, and in such statement the plaintiff seems to have fully concurred. Another fact appears in the case which is uncontroverted, and to which the jury does not appear to have attached the importance it deserves; that fact is that before this action was commenced, and possibly before the plaintiff had conceived the idea of charging the defendants with any responsibility, he had testified in another proceeding in the State of Pennsylvania, that he was prevented from fulfilling his contract solely by reason of the injunction. Upon the whole case, therefore, we are inclined to think that if there was any evidence upon which the plaintiff could fairly rest his contention, such evidence, in view of all the facts of the case, was hardly sufficient to warrant the jury in reaching the conclusion it did, and that, consequently, there should be a new trial of the action, with costs to abide the event. All concurred.

Adelbert P. Little v. Alfred W. Gallus and Others.—Reargument ordered.

Joseph R. Guernsey, as Executor, etc., of Lydia A. Guernsey, Respondent, v. Elias R. Gault and Others, Appellants.— Judgment affirmed, with ten dollars costs and disbursements.

Frank M. Stearns, Appellant, v. Harvey W. Tew and Another, Respondents.— Judgment affirmed, with costs. Ward, J., not sitting.

Peter A. Porter, as Receiver, etc., Appellant, v. James F. Murphy. Respondent, Impleaded with Others.— Order affirmed, with ten dollars costs and disbursements.

John R. Langworthy, Respondent, v. Elverton R. Crissey, Appellant.— Judgment and order affirmed. Ward, J., not sitting.

Mary Jane Campbell, Appellant, v. Joseph B. Robinson. Respondent, Impleaded with Others.— Judgment affirmed, without costs.

Anne Robinson, Respondent, v. Alexander Ferguson, Appellant.— Judgment affirmed, without costs.

Albert Brock, as Administrator, etc., of Archie S. Brock, Deceased, Respondent, v. The Rochester Railway Company, Appellant.— Judgment and order affirmed.

Catharine Mahoney, Appellant, v. City of Niagara Falls, Respondent.—Order affirmed, costs of this appeal to abide the event.

The People of the State of New York v. The Life and Reserve Association of Buffalo, New York.— Order modified as indicated in mem-