(53 Misc. Rep. 83)

### GICK v. STUMPF.

(Supreme Court, Trial Term, Saratoga County. February, 1907.)

**1. GIFTS—EVIDENCE.**
    Evidence *held* sufficient to show a valid gift inter vivos of a savings bank deposit.

**2. SAME—ACTION TO SET ASIDE.**
    Where a mother executed a writing containing a declaration that of her own will she had given the money in a savings bank to her son, and delivered it to him and put him in possession thereof, and which paper further confirmed such gift to her son, and the mother, by her will and codicil, executed one and two years, respectively, after such instrument, declared that the money in the savings bank was held by her son in trust and was specifically bequeathed to the legatees named, in an action by her executor against the son to set aside the written instrument and to recover the deposit, *held*, that the said instrument would have been conclusive upon testatrix until explained, and, there being no evidence against the validity, defendant was entitled to judgment dismissing the complaint.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 24, Gifts, §§ 20, 57.]

Action by Frank Gick, executor of Rosina Stumpf, against Frank Stumpf, for an accounting and to set aside an instrument declaring a gift.

See 98 N. Y. Supp. 961.

Chambers & Finn, for plaintiff.

George B. Lawrence, for defendant.

VAN KIRK, J. This is an action brought by the executor of Rosina Stumpf for an accounting, to set aside a certain paper dated March 29, 1901, and to recover from Frank Stumpf, the defendant, the sum of $1,200, with interest.

On the 25th day of July, 1898, Rosina Stumpf had on deposit in the First National Bank of Glens Falls the sum of $1,200.30. The defendant, Frank Stumpf, appeared at the said First National Bank with a check or order, signed by Rosina Stumpf, and filled out, except as to the amount of money. Upon this order there was delivered to Frank Stumpf by the bank the sum of 30 cents in cash and a draft upon a New York bank for the sum of $1,200. This draft was taken by Frank Stumpf and deposited in the Albany Savings Bank to the credit of Frank Stumpf, as trustee of Rosina Stumpf. On or about July 6, 1900, the bank book, standing in the name of Frank Stumpf

as trustee of Rosina Stumpf, was presented to the Albany Savings Bank, and the account was transferred to the name of Frank Stumpf; the amount deposited in his name being $1,241.35. The interest upon this account was credited from time to time, and certain sums withdrawn, so that, upon the 1st day of January, 1907, the account showed a credit of $1,221.

On the 29th day of March, 1901, Rosina Stumpf executed in the presence of George B. Lawrence and Amanda M. Low, as witnesses, a paper which may be described as a declaration or acknowledgment of a former gift. In the paper there are no words of transfer, but the paper contains the positive declaration that Rosina Stumpf, on or about the 1st day of July, 1900, of her own free will and without influence exercised upon her, gave the sum of money on deposit in the Albany Savings Bank in the name of Frank Stumpf as trustee to Frank Stumpf, and delivered said sum to him and put him in the absolute possession and ownership thereof. The paper goes on to recite that Rosina Stumpf by this paper ratifies and confirms the said gift, and declares that it was made with full understanding of its effect, and that the gift was made as a simple act of justice on the part of Rosina Stumpf toward her son, and that her son became the absolute owner of the said moneys.

On the 9th day of January, 1902, Rosina Stumpf executed her last will and testament, in which she states as follows:

"I wish to state that my son Frank Stumpf now has under his control on deposit in the Albany Savings Bank the sum of one thousand two hundred dollars belonging to me. I also wish to state that the money and property given to my son Frank Stumpf in this instrument is to be in full satisfaction of any and all claims that he may have against me for board, care and all other services that may be furnished me by him or the members of his family."

On the 2d day of October, 1903, Rosina Stumpf executed a codicil to her said will, in which she recites that she had heretofore given to her son Frank Stumpf the sum of $100, and to her daughter Julia Fish the sum of $100, and to her son William A. Phillips the sum of $100. The evidence contains statements from the books of the First National Bank of Glens Falls showing that, in March, 1898, there had been transferred from the account of Rosina Stumpf to the account of Frank Stumpf the sum of $100, to the account of Charles H. Stumpf the sum of $200, and to the account of Julia M. Clark the sum of $100.

At the time the declaratory paper was executed in 1901, beside the two subscribing witnesses, Miss Boyce was in the house, and about the time the paper was executed Rosina Stumpf in substance told Miss Boyce that she had given her property (she then had only $1,200) to her son Frank; and she explained to Miss Boyce why Mr. Lawrence, a lawyer, had been to her room to do business with her. The two subscribing witnesses testify to the circumstances, that the paper was read over to Rosina Stumpf, and that she signed it in the presence of each of the witnesses. The execution of this paper, and that Rosina Stumpf knew its contents and meaning, is sufficiently proved. The will and codicil, executed, respectively, one and two years after the said declaratory paper, have been admitted to probate,

and letters testamentary have been issued to the plaintiff; and, in the will the testatrix specifically declares that the $1,200 in the Albany Savings Bank is at that time (1902) held by her son in trust for her, and the will specifically gives to the legatees named the said $1,200.

There was some evidence in the case tending to show that during the later years of her life Rosina Stumpf became quite feeble and her eyesight became poor, so much so that she at times was unable to write her name. Indeed, the codicil is signed by her mark in 1903. This evidence was offered on behalf of the plaintiff. I am unable to appreciate the force of the testimony, because the plaintiff rests upon the validity of the will and codicil. Otherwise he has no standing in court. And, if Rosina Stumpf was capable of making a will in 1902 and a codicil in 1903, and to resist influence then, she must have been capable of making the declaratory paper and resisting influence in 1901. The failing condition was progressive.

The evidence shows that, from April, 1900, until October, 1903, Rosina Stumpf made her home with her son Frank Stumpf. In October, 1903, she went to the home of her son Mr. Phillips, where she remained until March, 1904, after which she made various other visits and did not return to the home of her son Frank, except for a short stay, until about one week before her death in September, 1904; so that both the declaratory paper, executed in 1901, and the will, executed in 1902, were executed while she was making her home with her son Frank, although upon the day she executed her will she was in the village of Saratoga Springs. It would seem, therefore, that she was free to go and come while she made her home with her son Frank, and no inference of influence or restraint can be drawn from the circumstances of the case to discredit the paper dated March, 1901.

The serious question in the case is whether or not Rosina Stumpf had, in 1901 or prior thereto, made a valid gift of the said $1,200 to the defendant Frank Stumpf. The declaratory paper, executed in 1901, is a valid admission on the part of Rosina Stumpf that she had given and delivered the said money to her son, the defendant. In 1900, when the account in the Albany Savings Bank was changed from Frank Stumpf as trustee to Frank Stumpf as an individual, Rosina Stumpf had no control of the account. While the money was standing in the name of Frank Stumpf as trustee of Rosina Stumpf, Rosina Stumpf could not have drawn out the money. It was entirely in the control of the defendant; so that the fact of the transfer of the account, in itself, is evidence only of the act of Frank Stumpf, and is no evidence of an actual delivery by Rosina Stumpf to Frank Stumpf of the said $1,200. The evidence does not disclose how this delivery was made. The son was not a competent witness as against the executor, and therefore his testimony as to the details of the gift was not offered. Although the declaratory paper contains no expression of transfer, and is not in the form of a transfer of the title, Mr. Lawrence testifies that Rosina Stumpf instructed him to deliver this paper to Frank Stumpf, and that he did so deliver it, and that, at the time this action was begun, Frank Stumpf retained the said Lawrence as his attorney and handed him the said declaratory paper.

The executor who brings this action brings it as the representative of Rosina Stumpf, and he has the same rights to recover that Rosina Stumpf would have had, if living, and no other right. If this action had been begun by Rosina Stumpf in her lifetime, and the declaratory paper produced in evidence, it would have been conclusive upon Rosina Stumpf until attacked and explained away. In this action there is no sufficient evidence against the validity of the said paper. It seems to me that the fair test is this: If Rosina Stumpf had brought the action in the same form in which it has been brought by the executor, and the same evidence produced, the said paper executed in 1901 would have been a complete defense; and it is, therefore, a complete defense to this action by the executor of the last will of Rosina Stumpf.

While there is no direct evidence of an actual manual delivery of the money by Rosina Stumpf to her son Frank Stumpf, the declaratory paper shows the intention to make the gift, and that the gift has been made. There was a sufficient constructive or symbolical delivery, and the paper is evidence of a transfer of the title from Rosina Stumpf to the defendant. Beaver v. Beaver, 117 N. Y. 428, 22 N. E. 940, 6 L. R. A. 403, 15 Am. St. Rep. 531; McGavic v. Cossum, 72 App. Div. 35, 76 N. Y. Supp. 305. The evidence of the gift is sufficient, considering the confidential relations between mother and son and the rule that the evidence under such circumstances must be "scrutinized with the extremest vigilance."

The evidence shows a valid gift inter vivos. The essential elements of such a gift are: First, intent to vest the title of the thing given in the donee; second, delivery; third, acceptance by the donee. Gannon v. McGuire, 160 N. Y. 476, 55 N. E. 7, 73 Am. St. Rep. 694; Beaver v. Beaver, 117 N. Y. 421, 22 N. E. 940, 6 L. R. A. 403, 15 Am. St. Rep. 531. The gift having been once completed, the donor is divested of dominion over the thing given and could not revoke the gift. Cambreleng v. Graham, 79 Hun, 247, 29 N. Y. Supp. 419; Beaver v. Beaver, 117 N. Y. 429, 22 N. E. 940, 6 L. R. A. 403, 15 Am. St. Rep. 531; Little v. Willets, 55 Barb. 125.

It is true that the mention of the $1,200 in the will indicates that, at the time the will was executed, the testatrix did not realize that she was not then the owner of the said $1,200; but there is nothing in the provisions of the will sufficient to justify the court in holding that the gift declared in the paper executed in 1901 was not a completed and valid gift.

The defendant should have judgment dismissing the complaint, with costs.

Complaint dismissed, with costs.