ADALINE MATSON, WILLIAM A. MATSON, JULIA A. MATSON, ROBERT
    MATSON, CHARLES MATSON and ADALINE BROOKSBY, Respondents,
    v. LOUISE J. ABBEY, as Administratrix of the Goods, Chattels
    and Credits of AUSTIN MATSON, Deceased, not Administered,
    Appellant.

*Insurance — assignment of an interest in an estate — the delivery of the writing
    is a delivery of the property — Statute of Limitations — action against an
    administrator.*

The transfer of a claim or a chose in action, such as the interest of the assignor
    in that part of the estate of a deceased person, derived from a life insurance
    policy, by a written instrument under seal, duly executed, has the effect to
    divest the title of the assignor in the assigned property the same as an actual
    delivery thereof.

The delivery of the assignment is deemed a delivery of the property conveyed.

Acceptance by the assignee in such case may be implied where the gift, other-
    wise completed, is beneficial to him.

A testator by his will 'devised and bequeathed his estate to his executors, in
    trust, to apply the rents and income thereof in support of his widow during
    her life and of his daughter until her marriage, or the death of the widow, in
    which estate was included a policy of insurance upon the life of the testator's
    son, payable to the testator, his executors or assigns, and subsequent to his
    death the children and legatees of the testator, by a sealed conveyance, assigned
    all their interest in that part of the estate derived from this life insurance policy.

*Held,* that the Statute of Limitations did not begin to run against the claim of the
    assignee until the death of the widow, his assignors having no claim against
    the estate until that occurrence.

An action against an administrator is not prematurely brought, within one year
    after the issue of letters of administration, where the claim upon which it is
    based has been presented to the administrator and rejected by him. In such
    case the action, if not absolutely necessary, is at least a proper one.

APPEAL by the defendant, Louise J. Abbey, as administratrix of
the goods, chattels and credits of Austin Matson, deceased, not
administered, from a judgment of the Supreme Court, entered in the
office of the clerk of Rensselaer county on the 13th day of March,
1893, in favor of the plaintiffs, after a trial before the court, without
a jury, at the Rensselaer County Circuit.

The action was brought to recover the sum of $2,000 received by
the executrix and executor under the will of Austin Matson, as
part of his estate, from the Mutual Life Insurance Company of

Newark, New Jersey, under a policy issued upon the life of testator's son, Austin Matson, Jr., in favor of the testator, Austin Matson, his executors or assigns.

The plaintiffs claimed to recover under an instrument of assignment executed, by the only heirs at law and next of kin of said Austin Matson then surviving, and the only persons interested in his estate after the death of Maria T. Matson, his widow and a life beneficiary under his will, to Adaline Matson, widow of Austin Matson, Jr., and William A. Matson, Julia A. Matson, Robert Matson, Charles Matson and Adeline Brooksby.

*George H. Stevens* and *A. T. Clearwater*, for the appellant.

*Martin I. Townsend*, for the respondents.

PUTNAM, J.:

On December 4, 1863, Austin Matson insured the life of his son, Austin Matson, Jr., in the sum of $2,000 payable to himself, his executors or assigns. Austin Matson died December 1, 1864, leaving a will afterwards admitted to probate by the surrogate of Rensselaer county, in which he appointed his widow, Maria T. Matson, and James N. Ring his executors and trustees. They qualified on the 13th of April, 1865. After specific bequests the will devised and bequeathed the whole of his estate to his executors in trust for the purposes therein specified. They were directed to apply the rents and income of the estate to the support of his widow during her life and the support of his daughter, Emily, until her marriage or the death of his said widow. Among other directions they were instructed to pay the yearly premium of seventy-eight dollars upon the policy of insurance upon the life of Austin Matson, Jr., provided he should not pay the same. He died on the 19th of February, 1866. The executors of Austin Matson, Sr., thereupon collected as part of his estate the $2,000 insurance money. The executor Ring died on July 12, 1878, and the executrix Maria, on the 13th day of June, 1891. Defendant was appointed administratrix with the will annexed of Austin Matson, Sr., on July 13, 1891. This action was begun on the 20th day of November, 1891. On January 27, 1869, the children and devisees of Austin Matson, Sr., by a sealed conveyance assigned all their interest in that

part of the estate of deceased derived from the life insurance policy aforesaid to the plaintiffs, the widow and children of Austin Matson, Jr. It was shown on the trial that defendant as administratrix, received of personal estate $8,534.26, and no debts against the estate were alleged or proven. Prior to the commencement of this action a demand was made by the plaintiffs from defendant for the sum of $2,000 out of the estate of Austin Matson, Sr., so assigned to the plaintiffs, and payment was refused.

Defendant insists that there was no valid delivery of the money claimed in this action and no valid transfer or gift thereof, and hence that the trial court erred in directing a judgment for the plaintiffs.

In fact, it is well settled that to establish a valid gift, a delivery of the subject of the gift must be shown to some person so as to divest the possession and title of the donor. (*Young* v. *Young*, 80 N. Y. 422; *Beaver* v. *Beaver*, 117 id. 421.)

But we have always understood that a transfer of a claim or chose in action by a written instrument under seal, duly executed, has the effect to divest the title of the donor in the assigned property, and has the same effect as an actual delivery. The delivery of the assignment is deemed a delivery of the property conveyed.

Thus in *Irons* v. *Smallpiece* (2 Barn. & Ald. 551, 552), it is said by ABBOTT, Ch. J.: "I am of opinion that by the law of England, in order to transfer property by gift, there must either be a deed or instrument of gift, or there must be an actual delivery of the thing to the donee." In *Fulton* v. *Fulton* (48 Barb. 581, 590, 592), the doctrine stated in the above case is approved. And it is held that "where a gift *inter vivos* is perfected by delivery of possession of the thing or delivery of a deed of gift, it is complete, although made without consideration." (See *Ham* v. *Van Orden*, 84 N. Y. 257–269; *De Caumont* v. *Bogert*, 36 Hun, 382; *Hurlbut* v. *Hurlbut*, 49 id. 189; *Carpenter* v. *Soule*, 88 N. Y. 251.)

We think, therefore, the donors in this case having duly executed and delivered a written and sealed assignment of that part of the estate of deceased sought to be recovered in the action, that the trial court did not err in finding a valid gift of the claim or money sought to be recovered by the plaintiffs.

The gift, being consummated by a delivery of the assignment,

could not be revoked. When the writing was received by the plaintiffs, the title to that part of the estate of deceased mentioned therein at once vested in the plaintiffs, subject to the life interest of the widow.

It is suggested by counsel for appellant that there was no proof of an acceptance of the gift by the plaintiffs. But acceptance by the donees in such a case may be implied where the gift, otherwise completed, is beneficial to them. (*Beaver* v. *Beaver*, 117 N. Y. 421.)

But the learned counsel for the defendant claims that if the transaction in question amounted to a gift to plaintiffs of the money sought to be recovered in the action, their claim is barred by the Statute of Limitations. We think this position is not well taken. Under the will of Austin Matson, the widow was entitled to the use and income of all his estate during her life, including that part received from the insurance on the life of Austin Matson, Jr. The plaintiffs, therefore, had no claim against the estate until the death of the widow, which occurred on the 13th day of June, 1891. It would seem, therefore, that the plaintiff's claim is not barred. (*Pelts et al., Admrs.,* v. *Schultes et al., Admrs.,* 46 N. Y. St. Repr. 216; *Matter of Hodgman,* 31 id. 479.)

The claim of plaintiffs to said money is no more barred than that of the other legatees named in the will of deceased, to the remainder of the estate, the life interest of the widow having terminated.

It is also urged by defendant that the action is prematurely brought, being so brought less than one year after the issuing of letters of administration. But plaintiff's claim for the $2,000, it is admitted, was presented to the defendant, and rejected by her. Hence, the action, if not absolutely necessary, was proper. (§§ 217, 218, 219, Civil Code; *Peck* v. *Peck*, 3 Dem. 548; *Riggs* v. *Cragg*, 89 N. Y. 479; *Matter of Application of Macaulay*, 94 id. 574.)

We are not aware of any statutory provision or any reason why such an action as this, the claim being disputed, cannot be brought at any time after the issuing of letters of administration. Execution can only be issued on the judgment obtained in such an action by leave of the surrogate, and only for such a sum as is properly applicable thereon from the estate. (§§ 1825, 1826, 1827, Civil Code.)

We have entertained some doubt as to the propriety of awarding

costs against defendant, under the circumstances. But, as this objection is not urged by appellant, we do not deem it necessary to discuss the question. It is doubtful whether sections 1835, 1836 of the Civil Code apply to such an action, and whether, in an action of this nature, costs cannot properly be awarded under section 3246.

The judgment should be affirmed, with costs.

MAYHAM, P. J., and HERRICK, J., concurred.

Judgment affirmed, with costs.