(72 App. Div. 35.)

## McGAVIC v. COSSUM.

(Supreme Court, Appellate Division, First Department. May 9, 1902.)

GIFTS INTER VIVOS—SYMBOLICAL DELIVERY.

Where the owner of bonds in the care of a bank during her last illness gave another a writing stating that she had given him such bonds, and actual delivery was impossible, owing to the owner's illness, there was a good gift inter vivos.[1]

Action by Fannie H. McGavic against Charles. F. Cossum, as executor of the estate of Delia C. Robinson, deceased. Submission of controversy pursuant to Code Civ. Proc. § 1279. Judgment for plaintiff.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

C. Elliott Minor, for plaintiff.
Clarence J. Drake, for defendant.

McLAUGHLIN, J. This is a submission of controversy under section 1279 of the Code of Civil Procedure. According to the facts set forth in the submission, Delia C. Robinson on the 23d of November, 1901, was the owner of two United States government bonds, of $1,000 each, known as "4 per cent. Reg." These bonds were purchased by her in 1886, through the Westchester National Bank of Peekskill, in whose possession they had at all times thereafter remained for safe-keeping. On the day referred to, she, being seriously ill at her residence, in Poughkeepsie, and from which illness she never recovered, gave to the plaintiff the original memorandum of purchase of the bonds delivered to her by the bank, and across the back of which was indorsed, in her own handwriting, the following: "Poughkeepsie, November 23, 1901. I have this day given my niece, Fannie H. McGavic, bond $2,000, Reg. 4 per cent. Delia C. Robinson." She died on the 13th of the following month, leaving a last will and testament, which was admitted to probate, and letters testamentary issued to the defendant, the executor therein named. The executor refused to deliver the two bonds specified in the indorsement (notwithstanding they were found among the securities belong-

---

[1] See Gifts, vol. 24, Cent. Dig. § 33.

ing to the deceased at the Westchester County National Bank, and were the only ones which she, at the time of her death, owned, answering that description), unless all of the legatees named in the will would consent thereto; and, some of them declining to give their consent, this submission was made. The submission also contains the further statement to the effect that on the 23d of November, 1901, Delia C. Robinson was physically unable "to make actual delivery of the bonds" referred to in the indorsement, "because of her feeble condition," and because the bonds were then in "the custody of the Westchester County National Bank," and also that there were sufficient funds belonging to the decedent's estate in the defendant's hands to pay all the legacies named in the will of the deceased, and all the claims against her estate, and that the plaintiff is her only next of kin. The submission does not contain a copy of the will. Therefore it is difficult, to determine, except inferentially, to whom the bonds in question would belong, under the will, if the gift to the plaintiff were held invalid. But in view of the statement contained in the submission, to the effect that there is sufficient other property to pay all of the legacies, as well as all of the debts of the deceased, in full, and that the plaintiff is the only next of kin, that fact is of no importance. If this be true, then, really, the only question is whether the plaintiff is entitled to the bonds, instead of the proceeds of them, which may mean much as a matter of sentiment, but in fact only involves the executor's fees. However this may be, which is unnecessary to determine, we are of the opinion that the plaintiff was entitled to the bonds; that what was done constituted a good gift inter vivos. Actual delivery, by reason of the illness of the owner of the bonds, and their possession at that time by the bank, was physically impossible; but there was present, as evidenced by the writing of the deceased, not only the intention to then give, but also the intention to then deliver the thing given. The owner did all she could do in this respect. It was a good constructive or symbolical delivery, and this, under the circumstances, was sufficient to vest good title in the plaintiff. 14 Am. & Eng. Enc. Law (2d Ed.) p. 1021, and cases cited.

The plaintiff, therefore, is entitled to judgment directing the executor to deliver to her the bonds here in question, with costs. All concur.