FRANK DAVIN et al., as Executors of PATRICK LILLY, Deceased, Respondents, *v.* ETHEL ISMAN, Appellant.

Assignment of mortgage — action by executors of decedent to set aside assignment of mortgage purporting to have been made by him and in possession of the assignee — evidence — presumption from possession of assignment by assignee — when evidence insufficient to sustain finding that assignment was obtained in illegal manner.

1. The executors of a decedent brought this action to have an assignment of a mortgage, purporting to be made by him, the written parts of which were in his own handwriting, adjudged null and void, upon the grounds that the same was without consideration, had not been executed by decedent, and had been obtained from him in some illegal manner. *Held*, that the possession by defendant of the assignment in question is presumptive evidence of a delivery of the instrument to her by decedent for a valid consideration and this presumption is not overcome by the fact that the bond and mortgage and insurance policies upon the mortgaged premises were found in decedent's safe deposit box after his death, nor is this presumption affected by the fact that the assignment, which appears to have been drawn by decedent himself, was signed in the presence of a subscribing witness but not acknowledged before a notary public or similar officer, since the acknowledgment by the subscribing witness was sufficient to authorize the recording of the instrument.

2. It was error to admit evidence that one of the executors of the decedent had made an examination of the passbooks and records of

1

deposits made by decedent in various banks during his lifetime, and that he did not find on or about the date of the assignment any sum corresponding to the amount of the mortgage. This evidence had no legitimate tendency to establish that the decedent did not receive a consideration for the assignment of the mortgage.

3. The fact that an erasure appears under the name of the subscribing witness does not in any degree change the language, terms, identity or character of the instrument signed by the decedent, and was an immaterial erasure which defendant was not called upon to explain or account for.

4. The finding that the assignment was obtained in an " illegal manner " is a conclusion, unsupported by findings of fact or evidence, was erroneous and cannot be sustained.

*Davin* v. *Isman*, 187 App. Div. 889, reversed.

(Argued December 1, 1919; decided January 20, 1920.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered February 7, 1919, affirming a judgment in favor of plaintiffs entered upon a decision of the court on trial at Special Term.

The plaintiffs in this action sought to have a certain assignment of a mortgage adjudged null and void, delivered up to plaintiffs and the record thereof canceled upon the grounds that the same was without consideration, had not been executed by the mortgagee and had been obtained from the mortgagee in some illegal manner.

Patrick Lilly, plaintiffs' testator, at the time of his death April 25th, 1911, was about the age of ninety-three years. He had been indisposed for about one week prior to that date, and on April 24th, evidently in anticipation of the operation to be performed, he executed a last will and testament in which the plaintiffs were appointed executors, which will was subsequently admitted to probate. Upon the trial of this action the will of Mr. Lilly was received in evidence on behalf of the plaintiffs. The will discloses that the testator had accumulated a fair competence which he disposed of by the terms of his will. The fact was also established upon the trial by

evidence of one of the executors that the testator had shortly before his death made gifts of real property and cash to several relatives. The beneficiaries under his will were practically all nephews and nieces and children of nephews and nieces, upwards of twenty in number, to each of whom he made separate bequests in a substantial sum. Evidently he left no wife or direct descendants.

The trial justice found as matters of fact that Patrick Lilly *at the time of death* was seized and possessed of a certain bond and mortgage dated June 1st, 1901, made by Celia Isman to Patrick Lilly to secure the payment of the sum of seven thousand dollars with interest at five per cent, conditioned for the payment of the same as follows: Three hundred and thirty dollars on the first day of June in the years 1902 to 1906 inclusive, and the balance of five thousand three hundred fifty dollars on June 1st, 1907; that ever since the death of Mr. Lilly the bond and mortgage had been in the possession of plaintiffs and no demand had been made for the same by defendant; that at the time of the death of Mr. Lilly he was possessed of two fire insurance policies covering the premises secured in the mortgage, the loss thereunder, if any, payable to him as mortgagee, one policy issued January 4th, 1911, the second one issued March 16th, 1911, which was some five weeks prior to his death but ten days subsequent to the date of the assignment.

Further findings are in substance that in the area following the signature of the subscribing witness upon the assignment there is an acid erasure of a signature which erasure was not explained or accounted for by defendant; that the instrument contains on the second page thereof a blank acknowledgment filled in by decedent Patrick Lilly, but not acknowledged by him, which has not been explained or accounted for by the defendant; that the subscribing witness did not acknowledge the execution of the assignment until June 6th, 1912, and the assignment was not recorded until June 15th, 1912.

The twelfth finding of fact was as follows: " That the aforesaid alleged instrument purporting to be an assignment of the aforesaid mortgage was obtained from the said Patrick Lilly in some illegal manner and that neither the defendant, nor any one in her behalf gave any consideration for the same; neither did said Patrick Lilly deliver the same."

Upon the findings, the trial justice found as conclusion of law: " That the instrument purporting to be an assignment of the aforesaid mortgage dated the 6th day of March, 1911 * * * which purports to assign to Ethel Isman the aforesaid mortgage made by Celia Isman to Patrick Lilly, was not executed by Patrick Lilly nor did he deliver the same, but that it was obtained from said Patrick Lilly without consideration in some illegal manner, and that it does not assign the mortgage which it purports to assign but is wholly null and void."

A further conclusion of law was that the instrument should be delivered up to be canceled and that the register of the county of New York should be directed to cancel the same of record. In effect the relief prayed for in the complaint was granted by the trial justice.

*Joseph Gans* and *C. Arthur Jensen* for appellant. The plaintiffs failed to prove a cause of action. (*Strough* v. *Wilder*, 119 N. Y. 530; *People* v. *Snyder*, 41 N. Y. 397, 402; *Robinson* v. *Wheeler*, 25 N. Y. 60; *Sweetland* v. *Buell*, 164 N. Y. 541, 552; *Purdy* v. *Coar*, 109 N. Y. 448, 450; *Bigelow* v. *Bigelow*, 39 App. Div. 103; *Clement* v. *Cash*, 21 N. Y. 253; *Strause* v. *Josephthal*, 77 N. Y. 622; *Ward* v. *Ward*, 43 W. Va. 1; *U. S. Fidelity & Guaranty Co.* v. *D. M. Nat. Bank*, 145 Fed. Rep. 273; *White Co.* v. *White Motor Co.*, 159 App. Div. 716; *Blakie* v. *Post*, 137 App. Div. 648.) It was reversible error to allow the plaintiffs to prove, and for the court to take into consideration, that the executors had not found any entry in the passbooks of the deposits and records of the deposits in the

various banks in which they found the assets of the decedent, showing that the decedent had received any consideration from Mrs. Isman for the assignment of the mortgage. (*Erwin* v. *Parham*, 12 How. [U. S.] 197.) The assignment by the testator having been written out and signed by him could not be contradicted by mere oral statements inconsistent with the making of the assignment of the mortgage, regardless of whether the assignment be regarded as a transfer for a valuable consideration, or whether it be regarded as a gift made by the decedent to Ethel, the infant defendant. (*Gick* v. *Stumpf*, 204 N. Y. 413; *Schmidt* v. *Schweitzer*, 137 N. Y. Supp. 807; *Moore* v. *Finger*, 131 App. Div. 399; *Bush* v. *Roberts*, 111 N. Y. 278; *Lent* v. *Shear*, 160 N. Y. 462.)

*Jacob W. Winkler* and *Walter B. Hopping* for respondents. The alleged assignment of mortgage was never executed and delivered by the decedent, plaintiffs respondents' testator, to the defendant appellant. (*Ten Eyck* v. *Whitbeck*, 156 N. Y. 342; *Alverson* v. *Marshall*, 159 App. Div. 639; *Kellogg* v. *Smith*, 26 N. Y. 18; *Assets Realization Co.* v. *Clark*, 206 N. Y. 114; *Ellis* v. *Horrman*, 90 N. Y. 472; *Munoz* v. *Wilson*, 111 N. Y. 300; *Van Gaasbeek* v. *Staples*, 85 App. Div. 273; *Hunt* v. *Dexter Sulphite P. & P. Co.*, 100 App. Div. 119; *Elwood* v. *W. U. Tel. Co.*, 45 N. Y. 549; *Gildersleeve* v. *Landon*, 73 N. Y. 609.)

HOGAN, J. The plaintiffs have attacked the validity of the assignment and the burden rests upon them to establish by satisfactory evidence the allegations of their complaint, namely, that Patrick Lilly did not execute and deliver the assignment of the bond and mortgage to defendant, that the instrument was obtained from him in some illegal manner and without consideration. The burden thus imposed upon the plaintiffs has not been sustained.

The assignment of the mortgage was in the possession of defendant. Upon demand of the plaintiffs, the instrument was produced by her upon the trial, and at the opening thereof was offered and received in evidence as part of the plaintiffs' case. The original instrument was produced upon the argument of the appeal in this court and reference to the same is important.

It appears upon the usual blank printed form of assignment and all of the writing therein including the signature was that of Patrick Lilly and in addition the blank form of acknowledgment was in his handwriting as will be pointed out. The words italicized are in the handwriting of Patrick Lilly.

" Know All Men by These Presents, That *I, Patrick Lilly party* of the first part, in consideration of the sum of *Sixth thousand five hundred* dollars lawful money of the United States to *me* in hand paid by *Ethel Isman party residing at 495 E. Houston Street, Borough of Manhattan, City of New York*, of the second part * * * the receipt whereof is hereby acknowledged *have* * * * transferred and set over, and transfer and set over unto the said *party* of the second part a certain indenture of mortgage bearing date the *first* day of *June* in the year one thousand *nine* (written over the printed word ' eight ') hundred and *one* (written over the word ' ninety ' printed) made by *Celia Isman to me* and duly recorded in the office of the *Register* of the County of *New York* on the *3rd* day of *June 1901* (the printed figures ' 189 ' erased) in Liber *120* of Mortgages page *337* together with the bond * * * to have and to hold * * * *party* of the second part *her* * * * and *I* do hereby make constitute and appoint the said *party* of the second part true and lawful attorney * * * in *my* name * * * but at *her* proper cost * * * to discharge the same as fully as *I* * * *.

" In Witness Whereof *I* have hereunto set *my* hand and seal the *sixth* day of *March* in the year one thousand *nine*

(written over printed word ' eight ') hundred *eleven* (written over printed word ' ninety ')."

Then follows the signature " Patrick Lilly " and following the same the signature of a subscribing witness. ·

The printed form of acknowledgment was in the usual form and the venue was properly filled in by Mr. Lilly:

" On the *sixth* day of *March* in the year one thousand *nine* (written over printed word ' eight ') hundred and *eleven* (written over printed word ' ninety ') before me personally came *Patrick Lilly* to me known   *   *   *."

The assignment prepared and signed by Mr. Lilly acknowledges the receipt of a consideration of six thousand five hundred dollars therefor paid to him by the defendant, the stated sum being the principal sum as found due upon the mortgage by the trial justice in this case. A comparison of the date of the mortgage, the name of the mortgagor and mortgagee and the record thereof as found by the trial justice correspond with the date, names and record appearing in the handwriting of Mr. Lilly in the instrument in question, and it is evident that he had before him at the time he prepared the instrument the original bond and mortgage or some record of the same.

The possession by defendant of the assignment thus prepared by Mr. Lilly is presumptive evidence of a delivery of the instrument by him to defendant for a valid consideration. Such presumption was not overcome by sufficient or competent evidence adduced on behalf of plaintiffs. Mr. Lilly did not acknowledge before an officer authorized to take the acknowledgment of the instrument in question, nevertheless the instrument executed by him was sufficient to transfer all interest and title which he had as mortgagee to the bond and mortgage in question to the assignee · named in the assignment (*Fryer* v. *Rockefeller*, 63 N. Y. 268) and by such assignment the assignee was clothed with all the rights thereto-

fore conferred upon the assignor mortgagee to enforce the bond and mortgage. (*Westbrook* v. *Gleason,* 79 N. Y. 23, 29.) It was not incumbent upon the defendant to explain or account for a failure of Mr. Lilly to acknowledge the instrument in due form before an officer authorized to take such acknowledgments.

The acknowledment by the subscribing witness was sufficient to authorize the recording of the instrument in the absence of any formal acknowledgment by Patrick Lilly.

The findings made by the trial justice prompting his conclusion of failure of consideration and non-delivery of the instrument are: *First,* that the bond and mortgage had been in possession of plaintiffs and no demand for the same had been made by or on behalf of defendant.

The evidence discloses that the bond and mortgage were found in the safe deposit box used by Mr. Lilly in his lifetime, but such fact does not establish that the assignment in possession of defendant was not delivered to her. The assignment passed title to the bond and mortgage as against Mr. Lilly, his representatives and the mortgagor as well as all other persons who were not affected by reason of an absence of the record of the same. A delivery of the bond and mortgage to defendant was not essential to vest title to the same in defendant. Neither was she required to assert ownership of the same by demanding possession thereof from plaintiffs.

*Second,* the trial justice found that two policies of fire insurance covered the mortgaged premises, loss if any payable to Patrick Lilly as mortgagee and were held by Mr. Lilly at the time of his death; that one policy was issued January 4, 1911, a date about two months prior to the date of the assignment. The existence of that policy under the evidence was devoid of any probative value.

That a second policy was issued March 16th, 1911, ten days subsequent to the date of the assignment, was also found.

That the policy dated January 4th, 1911, was issued about two months preceding the date of the assignment was established by the testimony of one of the executors plaintiffs who looked after Mr. Lilly's insurance business for sometime prior to his death. As to the finding that a policy had been issued on March 16th, 1911, ten days subsequent to the date of the assignment, the record is barren of evidence to sustain that finding. No witness was inquired of as to such a policy, neither was such a policy presented or produced upon the trial, marked, offered or received in evidence. Any inferences drawn therefrom by the trial justice have no support in fact or in law.

On behalf of plaintiffs, evidence to which importance was apparently attached by the trial justice was admitted over the objection and exception of counsel for defendant, viz., the witness Mr. Davin, one of the executors of the will and a legatee thereunder, was permitted to testify that he had made an examination of the pass books and records of deposits in the various banks with which Mr. Lilly conducted his business during his lifetime, and upon such examination the witness did not find that on or about March 6th, 1911, any sum corresponding to the amount of the mortgage was recorded as having come into the possession of Mr. Lilly. This evidence was incompetent and had no legitimate tendency to establish that Mr. Lilly did not receive a consideration for the assignment of the mortgage. (*Carroll* v. *Deimel*, 95 N. Y. 252, 255.) The admission of the evidence was clearly error, and we are unable to say that it was not prejudicial to the interests of the defendant.

The finding of fact and conclusion of law that the assignment was obtained in an *illegal manner* should now be considered. The expression " illegal manner " is susceptible of many interpretations, amongst others, fraud, theft, coercion, undue advantage of one. The record in this case does not disclose facts which would sustain a finding of fraud, theft, fear or undue influence.

A finding that a deed, mortgage, assignment or satisfaction of a note, contract or like instrument was obtained in an *illegal manner* without facts disclosing the illegality of the manner in which the instrument was obtained is merely a conclusion. Facts justifying such conclusion should be found to the end that this court even in cases of unanimous affirmance should be able to ascertain whether such conclusion is supported by facts found and necessarily where the affirmance is non-unanimous the rule should equally apply.

The fact found by the trial justice that there is an acid erasure of a signature below the signature of the subscribing witness on the assignment "which was not explained or · accounted for by defendant," is not of moment. The defendant was not called upon to explain · or account for the same. The mortgagee, Mr. Lilly, had prepared and signed the instrument. No alteration was made in that instrument as prepared by him. His signature thereto completed the assignment in so far as the validity of the same was involved. No question is made that the signature of the subscribing witness appearing on the instrument was other than genuine. Upon the acknowledgment by a subscribing witness the instrument was complete so as to enable the holder of the same to have it recorded. (Real Property Law [Cons. Law, ch. 50], § 304.) A second subscribing witness was unnecessary. The fact that an erasure appears under the name of the subscribing witness does not in any degree change the language, terms, identity or character of the instrument signed by Mr. Lilly, and was clearly an immaterial erasure which defendant was not called upon to explain or account for.

In view of the conclusion reached that the findings in this case do not disclose facts which would justify the conclusion of law found by the trial justice, it has not been deemed essential to refer to any evidence offered in behalf of the defendant. The case is free from evidence

tending to show undue advantage of the mortgagee. Mr. Lilly was a man who had accumulated a reasonable competence and was accustomed to deal in bonds and mortgages. He did not reside with the defendant or the members of her family. No fiduciary relation existed between them. The defendant and the members of her family were persons in ordinary circumstances of life and in their dealings with a man of the business capacity of Mr. Lilly we cannot assume in the absence of direct evidence bearing upon the question that they were in a position to exercise any influence over him or that they were afforded means whereby they could procure the assignment of the mortgage from him by what has been termed an " illegal manner."

For the reasons stated, the judgment herein should be reversed and a new trial granted, with costs to abide the event.

HISCOCK, Ch. J., COLLIN, McLAUGHLIN, CRANE and ANDREWS, JJ., concur; CHASE, J., concurs in result.

Judgment reversed, etc.