ENRICO VIGGIANI, Plaintiff, *v.* MICHELE FAVATA and FRANCESCO VIGGIANI, as Executors and Trustees, and FRANCIS X. IANNUZZI, as Cotrustee under the Last Will and Testament of ENRICO VIGGIANI, Deceased, Defendants.

First Department, June 29, 1939.

*Frank Rashap* of counsel [*Hardin, Hess & Eder,* attorneys], for the plaintiff.

*Avallone & Napolitano,* for the defendants.

O'MALLEY, J. In this submission of controversy plaintiff claims ownership of a bond and mortgage by virtue of a gift *inter vivos*.

Defendants, executors of the last will and testament of the donor, contend that the gift is defective by reason of the absence of delivery to plaintiff, or to some person in his behalf, of the bond and mortgage or of the instrument of assignment under which plaintiff claims.

The agreed statement shows that the deceased donor, Enrico Viggiani, uncle of the plaintiff and his namesake, died in January, 1937, seized of property, title to which he had acquired in 1906, subject to a mortgage of $19,000. This was later reduced to $14,000.

In July, 1930, decedent paid the balance of principal and accrued interest and instructed the holders to execute an assignment to Michele Favata, one of the defendants and an employee of decedent at the time. Favata had no knowledge of the transaction until he received written notice from the holders of the bond and mortgage in August, 1930, that the instruments and an assignment in his favor were ready for delivery. He turned over this letter to decedent who thereafter received the instruments in question. Favata, of course, paid no consideration.

Some six years later the decedent instructed his attorney, Albert A. Avallone, to prepare an assignment of the bond and mortgage to plaintiff. This was done on June 13, 1936, and Favata executed an assignment to plaintiff which Avallone delivered to the decedent. Three days later the assignment to Favata and the latter's assignment to plaintiff were recorded and in due course the recorded instruments were returned to decedent.

During November, 1936, at a time when decedent was very ill, he orally directed his attorney Avallone to deliver upon his death the bond and mortgage and all assignments to plaintiff. The documents, however, were retained by decedent.

Prior to this time and in September, 1936, decedent executed his will. He made plaintiff his chief beneficiary giving him the income for life of half of the principal of the estate with power to dispose of the entire principal by will; and in the event the power was not exercised, the principal was to go to the heirs of plaintiff. Plaintiff was also appointed one of the executors and the will directed that he be retained in an executive capacity in the management of decedent's private banking business.

On the afternoon of decedent's death, January 2, 1937, the bond and mortgage and all assignments were found in his living room by his attorney and the defendants.

On these agreed facts, our conclusion is that plaintiff failed to establish a valid gift *inter vivos*. One of the essential elements of such gift is delivery to the donee or someone on his behalf (*Matter*

*of Van Alstyne*, 207 N. Y. 298; *Beaver* v. *Beaver*, 117 id. 421); and if the donor retains the instrument under his control there is absence of complete delivery essential to the validity of the gift. (*Young* v. *Young*, 80 N. Y. 422.) Here the decedent never divested himself of complete dominion and control over the subject of the gift.

The contention of plaintiff that the decedent by recording the assignment relinquished dominion and control over the subject-matter of the gift is untenable. Proof of the stipulated facts would have entitled the deceased to bring an equity suit to have canceled as of record the assignment to the plaintiff, as such facts would have rebutted the presumption of validity of the recorded instrument. (*National Bank* v. *Levy*, 127 N. Y. 549, 554; *Ten Eyck* v. *Whitbeck*, 156 id. 341; *Marden* v. *Dorthy*, 160 id. 39.)

In reaching this conclusion we have not overlooked the contention of plaintiff that the decedent by the provisions of his will held plaintiff, his nephew, in high regard and had evinced intent to make a gift of the bond and mortgage. However, as already noted, he failed in the final step necessary to complete the gift by failure to make delivery.

It follows that judgment should be directed for the defendants, but without costs.

MARTIN, P. J., TOWNLEY, COHN and CALLAHAN, JJ., concur.

Judgment unanimously directed for defendants, without costs. Settle order on notice.