FRANCES J. EDRINGTON, Appellant, *v.* JESSE S. RICHMAN, as Receiver in Supplementary Proceedings of EDRINGTON-MINOT CORPORATION, Respondent.

First Department, June 19, 1940.

*Alonzo L. Tyler* of counsel [*Walker & Redman,* attorneys], for the appellant.

*George Natanson* of counsel [*Isaac Gluckman* with him on the brief; attorney], for the respondent.

O'MALLEY, J. The assignment of the bond and mortgage to the plaintiff, finally received in evidence, carried with it a presumption of delivery to her, she having produced it at the trial. (*Davin v. Isman,* 228 N. Y. 1.) The presumption of the delivery was

not rebutted by any evidence on behalf of the defendant. On the contrary, it was shown that it had been executed and delivered at the request of Eberhart, acting on behalf of the owner of the equity, who desired it for his protection when he was negotiating for an extension of the bond and mortgage to be executed by the plaintiff. In addition, it is to be noted that the counterclaim interposed by defendant alleges that plaintiff was in possession of the document which, of course, connotes delivery. This allegation was not put in issue by plaintiff's reply.

As the assignment was executed and delivered some years prior to the date when the indebtedness, which gave rise to the judgment and appointment of defendant as receiver, was incurred, the defendant may not avoid the assignment. It was not shown that any creditors of the corporation, much less the one at whose instance the defendant was appointed, relied upon the bond and mortgage as being an asset of the corporation. A creditor may resort only to such property as belongs to the debtor and may not reach property rightfully belonging to others though held by the debtor. (*Bryce* v. *National City Bank of New Rochelle*, 17 F. Supp. 792; affd., 93 F. [2d] 300.)

Furthermore, the plaintiff fully established that from the outset she was the owner of one-half of the bond and mortgage, though held in the name of the corporation, and that subsequently she acquired title to the other half. Her evidence was further to the effect that none of the corporate funds went towards the purchase of the bond and mortgage in any part. At all times, the corporation, which had the ostensible legal title, and those obligated on the bond and mortgage, or interested in the equity, recognized the plaintiff as the owner. In addition, the evidence justifies, if it does not require, a finding that she received all interest and amortization payments.

In the circumstances, the plaintiff was entitled to an adjudication that she was the rightful owner of the bond and mortgage and that the creditors of the corporation, the owner of record, and particularly the creditor represented by the defendant, had no valid claim with respect thereto.

It follows, therefore, that the judgment appealed from should be reversed, with costs, and judgment entered in favor of the plaintiff, adjudging her the rightful owner of the bond and mortgage, with costs.

MARTIN, P. J., GLENNON and CALLAHAN, JJ., concur; COHN, J., dissents.

Judgment reversed, with costs, and judgment directed in favor of the plaintiff, adjudging her the rightful owner of the bond and mortgage, with costs.

Settle order on notice, reversing findings inconsistent with this determination, and containing such new findings of fact proved upon the trial as are necessary to sustain the judgment hereby awarded.