## SPEAKER v. KEATING et al.

### No. 337.

Circuit Court of Appeals, Second Circuit.

Aug. 7, 1941.

Rehearing Denied Sept. 4, 1941.

CLARK, Circuit Judge, dissenting.

———————

Louis Klatzko, of New York City, for plaintiff-appellee.

Bergner & Bergner, of New York City (I. Maurice Wormser, Louis Bergner, and Benjamin Poller, all of New York City, of counsel), for defendants-appellants.

Before L. HAND, CHASE, and CLARK, Circuit Judges.

CHASE, Circuit Judge.

The plaintiff, a resident of New Jersey, is a daughter of Katherine Schaefer, a resident of New York, who died intestate August 2, 1939. The defendants are another daughter, a son, the husband of the deceased, and Mrs. Schaefer's attorney, Adam Christmann, who was made a defendant because he had the custody of certain bonds and mortgages whose ownership is in issue but who had no interest in the controversy and neither filed an answer nor took an appeal. The defendants are all residents of New York and diversity is the basis of federal jurisdiction.

In December 1936, Mrs. Schaefer, who was estranged from her husband and had not been living with, or supported by, him for about thirty years wanted to make some disposition of her property which would make certain that he would get none of it. She then consulted defendant Christmann who advised her that under New York law her husband might not surely be entirely cut off by her will. She was also estranged from her daughter Lillian; had already provided for her son,

Charles, as adequately as she intended to; and wanted to give the remainder of her property to her daughter Elsie but in such a way that she might have the use of the income so long as she lived. The property she wanted to give to Elsie consisted of seven mortgages securing bonds and Mr. Christmann advised her to assign them to Elsie and to herself as joint tenants. Mrs. Schaefer did execute such assignments on January 26, 1937 and they were all duly recorded on January 26, 1937.

The appellee knew, at least as early as December 21, 1936, that her mother intended to make the assignments of the mortgages for on that day she wrote her mother as follows: "I hereby authorize you to collect any and all interest on mortgages which may be held by myself and yourself, as joint tenants and sign for same. I further agree that I shall not make any claim against your estate for any interest that may have been collected by you."

Mrs. Schaefer did collect the interest and did receive the principal of one of the mortgages which was paid. She and Elsie both executed the discharge of that mortgage and Mrs. Schaefer took the money under an arrangement she and Elsie had made in June 1937 that the proceeds of mortgages paid would be re-invested for them jointly though no such use was actually made of these funds. Another of the mortgages was cancelled when the mortgagor deeded the property to Mrs. Schaefer and Elsie as tenants in common though they would then have taken title to the property as joint tenants but for a mistake of the lawyer who drew the deed.

Mrs. Schaefer had possession of the mortgages before the assignments above mentioned and her son Charles, who had charge of her affairs generally as her agent, took them to Mr. Christmann who had them while drawing the assignments, and who also had the assignments after they were recorded until he delivered them together with the bonds and mortgages to Charles for Mrs. Schaefer. The trial judge stated in his opinion that " * * * the witness Christmann held the papers after recording the assignments of mortgages for the benefit of both joint tenants" but there is no express finding to that effect and we find no evidence which would have supported one. The evidence was that the lawyer was employed by and acting for Mrs. Schaefer. After the death

of Mrs. Schaefer, all the bonds and mortgages except the two either satisfied by payment or by a deed of the property were delivered by Charles to Christmann who holds them subject to disposition in accordance with the outcome of this litigation.

After the death of Mrs. Schaefer, the plaintiff became involved in a dispute with the other heirs as to the ownership of these bonds and mortgages. She claimed them as a surviving joint tenant. They, on the contrary, contended that the deceased had never made a gift of any part of them to the plaintiff which was valid under New York law. It is plain and undisputed that the law of New York controls. Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L. R. 1487.

In general, it is clear that in New York delivery is a condition upon the validity of a gift inter vivos and it has long been held that the requirement applies to a chose in action so as to make delivery of the documents necessary. Young v. Young, 80 N.Y. 422, 36 Am.Rep. 634. See also Beaver v. Beaver, 117 N.Y. 421, 22 N.E. 940, 6 L.R.A. 403, 15 Am.St. Rep. 531. In the Young case the intent of a father to make a gift of certain bonds was so well proved that the court was obviously reluctant to come to the conclusion it did that the gift was invalid for lack of delivery. The same principle has recently been reaffirmed in the Appellate Division, Viggiani v. Favata, 257 App.Div. 346, 13 N.Y.S.2d 353, and we feel compelled to accept it as the law of New York. In the last mentioned case the subject matter of the intended gift was a bond and mortgage which an uncle had had assigned, by one who held for him as his nominee, to his nephew and the assignment was duly recorded. The documents were, however, retained by the uncle until he died and it was held that lack of delivery to the donee made the intended gift invalid.

Notwithstanding this, the plaintiff insists that the gift here, being only of an interest in the property as joint tenant, was not subject to the strict rule of delivery applied in the above cases. This argument is twofold. First it is said that there was sufficient delivery in that after the execution and recordation of the assignment the return of the documents to

Mrs. Schaefer was delivery to a joint tenant who, under applicable common law theories, held for the plaintiff as well as herself. This but begs the question, however, for we are here dealing not with what would have been the effect of delivery to Mrs. Schaefer after she and the plaintiff actually became joint tenants or with delivery to her by a third party from whom both were acquiring property as joint tenants but with a situation requiring delivery to effectuate a gift necessary to divest Mrs. Schaefer of her absolute ownership which would otherwise remain as before. Until, and unless, Mrs. Schaefer's absolute ownership was changed in a lawful way she continued to be the owner and the mere return of the documents to her without any delivery to the plaintiff, or to anyone for the plaintiff, was as ineffective to alter the title as to a part as it would have been as to the whole since a diminution of Mrs. Schaefer's former interest was required as a condition precedent to the creation of a joint tenancy setting up the necessary new interest in the plaintiff.

Second, it is argued that cases dealing with joint bank deposits are in point. But there is no analogy since such deposits are held by a third party subject to withdrawal in accordance with the deposit agreement. McElroy v. Albany Savings Bank, 8 App.Div. 46, 40 N.Y.S. 422. So, too, in the case of an insurance policy where the beneficiary does not take delivery of the policy since delivery to the insured is enough to make the insurer's contract enforceable. Fowler v. Butterly, 78 N.Y. 68, 34 Am.Rep. 507.

Despite a natural desire to give effect to the clear intention of the deceased, we find it impossible to hold this assignment valid under New York law.

Judgment reversed.

CLARK, Circuit Judge (dissenting).

My view of this case is along a line not discussed in the opinion—one which, it seems to me, clearly requires us to give effect to the unquestioned intention of the deceased. Shortly stated, it is that a valid assignment of title to personal property is good without formal delivery of the property itself. There can be no question —for it is too well settled—that a deed of gift is as valid as a gift by tradition; this law is as thoroughly recognized in New York as elsewhere. Ham v. Van

Orden, 84 N.Y. 257; Johnson v. Williams, 63 How.Prac. 233; Matson v. Abbey, 70 Hun 475, 24 N.Y.S. 284; Sylvain v. Page, 84 Mont. 424, 276 P. 16, 63 A.L.R. 528, with annotation, 537, 541, 545; Chase Nat. Bank v. Sayles, 1 Cir., 11 F.2d 948, 48 A.L.R. 207, certiorari denied 273 U.S. 708, 47 S.Ct. 99, 71 L.Ed. 851; 6 Fordham L. Rev. 106, 119-121; Williston on Contracts, Rev.Ed. § 438B. Indeed, there are New York cases according the same effect to an informal writing not under seal. McGavic v. Cossum, 72 App.Div. 35, 76 N.Y. S. 305; Matter of Cohn, 187 App.Div. 392, 176 N.Y.S. 225, and other cases cited in 6 Fordham L.Rev. 120; cf. Williston, op. cit. supra. And the recent session of the Legislature, which made the seal without legal effect, also made an assignment irrevocable though made without consideration. N.Y.Laws 1941, c. 330, Personal Property Law § 33(4); 26 Corn.L.Q. 692-698; 41 Col.L.Rev. 849.

Now deeds of assignment of the mortgages, made with clear donative intent, delivered to the attorney to be recorded and by him recorded, would seem to me exactly within this principle. Compare In re Dunne's Will, 136 Misc. 250, 240 N.Y.S. 845; Davin v. Isman, 228 N.Y. 1, 126 N.E. 257. Of course, there must be something to show that the deceased intended the assignments to be presently operative, Wadd v. Hazelton, 137 N.Y. 215, 33 N.E. 143, 21 L.R.A. 693, 33 Am.St.Rep. 707; but to the presumption of delivery of the deeds which recording gives, Sweetland v. Buell, 164 N.Y. 541, 552, 58 N.E. 663, 79 Am.St.Rep. 676; 16 Am.Jur. 513-515, must be added the evidence of the attorney, the daughter's authorization to collect the rents, and the later recognition of the transfers by the parties—all sustaining the trial court's finding that an immediate gift was planned and carried out by delivery of the assignments. Speaker v. Keating, D.C.E.D.N.Y., 36 F.Supp. 556. Return of the deeds and the bonds to the deceased after the recording had no effect upon the transfers thus already perfected; but it was the most natural course, since the deceased was to collect the rents and be in charge of the property. It would have been out of the ordinary to have then sent them to the non-resident daughter, who was not to be in charge.

Hence the requirements of the law seem to me amply fulfilled, as the long-experienced lawyer and ex-judge who superintended the transaction thought. The cases stating the usual requirement of delivery of chattels are therefore not directly applicable. Nor is Viggiani v. Favata, 257 App.Div. 346, 13 N.Y.S.2d 353, opposed. There a property owner, paying off a mortgage, had the mortgagee assign it to one F. without the latter's knowledge; six years later he caused F. to assign it to plaintiff, apparently without plaintiff's knowledge; and he died possessed of the documents which he had had recorded. The only evidence of intent was his direction to his lawyer two months before his death to give the documents to plaintiff at his death. Thus an absence of any present intent was shown; and whatever presumption there was from recording— the only evidence of delivery—was clearly negatived. Here we have both intent and delivery to Christmann for the purpose of making the intent effective. The acts done were such as to satisfy the prime reason for requiring formalities as to gifts —to prevent fraud and mistake by evidence other than parol. Matter of Cohn, supra; 6 Fordham L.Rev. 121. If they were insufficient, I do not see what the lawyer could have suggested to the deceased—who relied on him to arrange for a legally effective gift—which would the better have carried out her purpose. I think the district judge was right.

## On Petition for Rehearing.

### PER CURIAM.

It is not necessary for us to say that, in the case of a gift to the donor and the donee as joint owners, the donor can in no circumstances retain custody of the property on the theory that the possession of one joint donor is the possession of both; although In re Bates' Estate, Sur., 21 N.Y. S.2d 306, affirmed 259 App.Div. 968, 20 N.Y.S.2d 1012, seems to hold that delivery is necessary even in the case of a gift by a donor to himself and another as joint donees. The plaintiff's letter of December 21, 1936, which authorized the decedent to collect the interest on the mortgages and to keep it as her own, was incorporated into the succeeding assignments, regardless of their formal terms; and the plaintiff never in equity became a joint owner at all. The assignments gave her nothing but an interest in survivorship; that is, a contingent remainder. While a donor may by deed create such a future interest as well as a present interest, there is no reason for

saying that delivery is any less necessary in one case than in the other; and certainly the donor's possession cannot be imputed to the donee.

Petition denied.

CLARK, Circuit Judge (dissenting).

It still seems to me that the real issue in the case is not faced in the opinions herewith. Were the deeds of assignment effective to convey the title they purported to convey? I do not see how a negative answer is possible on the precedents or, I may add with all deference, in reason. And if the deeds were effective, the plaintiff's letter of December 21, 1936, was clearly a direction in aid of their purpose and intent, not in opposition thereto. The statements made in this opinion as to delivery in the case of joint owners I should feel were somewhat open to question or at least were incomplete; but since I have felt throughout that this was a case of conveyance by valid deeds of assignments, rather than of delivery of chattels, I do not feel it necessary to pursue that matter.