AMALIA THOMAS, Plaintiff, v. STANLEIGH P. FRIEDMAN et al., as Executors of HENRI W. JONKHOFF, Defendants.

City Court of the City of New York, Special Term, New York County, February 21, 1949.

*Jesse Sobol* for plaintiff.

*Stanleigh P. Friedman,* defendant in person, for defendants.

Schimmel, J. The plaintiff has moved for judgment on the pleadings under rule 112 of the Rules of Civil Practice, and the defendants have also moved for judgment under that rule.

The pleadings show the following facts, which are not in dispute: On June 10, 1948, one Jonkhoff, now deceased, sent a letter through the mails to a firm of attorneys, which read as follows: " I am enclosing to you herewith a check to your order in the amount of $3,000.00, the proceeds of which you will pay over to my affianced wife Amalia Thomas, in the event of my death prior to our marriage ". A check in the sum of $3,000, drawn to the order of such attorneys, accompanied the letter. The attorneys deposited this check of Jonkhoff in a bank account belonging to them and wrote the following letter to Jonkhoff: " We have your favor of June 10th, enclosing your check to our order of even date in the amount of $3,000.00. Agreeable to your instructions, we shall hold the proceeds of this check upon the terms set forth in that letter ".

Jonkhoff died about six weeks after he sent the check to the attorneys, as above shown, without having married Amalia Thomas, who thereupon brought this action against the attorneys to recover the proceeds of the check. The latter interpleaded the executors of the estate of Jonkhoff and the action was thus converted into a suit in interpleader between Miss Thomas and the executors. The fund in suit has been paid into court.

The question here is whether there has been a gift *causa mortis,* whether the said attorneys received the check of Jonkhoff and held its proceeds as trustees for plaintiff or as trustees for Jonkhoff.

There was here no gift *inter vivos,* as in the case of such a gift no defeasance exists. A gift *inter vivos* has no reference to the future and goes into immediate and absolute effect, and delivery must be complete before the donor's death. It is obvious from the letter written by the decedent that there was no intention here to make a gift *inter vivos* as the sum of $3,000 was to be paid over to the donee only in the event of the donor's death; and, moreover, the further condition was imposed that the donee was to receive the gift only in the event that the donor died prior to the marriage of donor and donee. Thus, the necessary elements are lacking of a gift *inter vivos.*

It may be that there was here a gift *causa mortis,* but a gift *causa mortis,* like a gift *inter vivos,* requires a delivery of the subject matter of the donation. Whether there was here such a delivery depends upon whether the attorneys were agents of the donor or of the donee. It would seem that the attorneys were more likely the agents or trustees of the donor, especially in view of the allegation in the complaint, admitted in the answer, that " at various times prior to the [date of the delivery of the check to the attorneys] the said [attorneys] had acted as attorneys and counselors for and on behalf of [the donor]". There is, however, no conclusive presumption to that effect. That the attorneys in the past represented the donor does not negative the possibility that in this instance they were agents for the donee, although this may be unlikely. The relationship between the parties, the capacity in which the attorneys were acting in this instance, should be shown at the trial. The parol evidence rule does not apply to the situation; thus there is nothing to inhibit the presentation of evidence extrinsic to the writings in the case, the two letters; this is not a case of varying a written contract or instrument by parol. Extrinsic evidence may be resorted to in order to determine what occurred and the intent of the donor. Whether there was here an effective gift *causa mortis,* made complete by delivery, is the question to be decided at the trial. To sustain a gift *causa mortis* there must also be evidence to establish that it was made in anticipation of death from a present or imminent peril or illness.

The general principles above mentioned are indicated in the following cases: *O'Mara* v. *Dentinger* (271 App. Div. 22); *Matter of Delapenha* (176 Misc. 732); *Matter of Spain* (46 N. Y. S. 2d 789, 790); *Matter of Batsholts* (43 N. Y. S. 2d 842, 844); *Basket* v. *Hassell* (107 U. S. 602); *Speaker* v. *Keating* (122 F. 2d 706, 708); *Duryea* v. *Harvey* (183 Mass. 429), and *Cronin* v. *Chelsea Sav. Bank* (201 Mass. 146).

The motions for judgment on the pleadings, made by the plaintiff, and by the defendants, are each denied.