Lester E. **WOOLSEY**, Plaintiff,

v.

**UNITED STATES** of America, Defendant.

Civ. No. 5457.

United States District Court
N. D. New York.

Sept. 30, 1955.

Royal D. Woolsey, Canastota, N. Y., for plaintiff.

Theodore F. Bowes, U. S. Atty., Syracuse, N. Y., Charles J. Miller, Asst. U. S. Atty., Syracuse, N. Y., H. Brian Holland, Asst. Atty. Gen., Andrew D. Sharpe, George T. Rita, Dept. of Justice, Washington, D. C., of counsel.

FOLEY, District Judge.

This suit is for the recovery of gift taxes and penalty paid by the plaintiff under protest to the Government. The tax was assessed for alleged gifts made by the plaintiff taxpayer during the year 1950 and the statutory penalty of 25% was imposed and assessed for failure to file the gift tax return within the time provided by law. The case was heard by the Court without a jury, and the testimony and exhibits presented at the trial disclose a factual background that is simple and undisputed.

■ In my judgment, there is little need for much discussion. It is clear that the essential element of proper delivery is lacking to uphold the alleged gifts to the three daughters for the years 1943 through 1949. The entries on the ledger sheets in the plaintiff's ledger or book account, intended as a credit to the daughters and/or debit to the plaintiff throughout the years, do not approach the most liberal interpretations of the delivery requirement necessary to make an effective gift. Edson v. Lucas, 8 Cir., 40 F.2d 398; Richardson v. Commissioner of Internal Revenue, 2 Cir., 126 F.2d 562, 140 A.L.R. 705; Speaker v. Keating, 2 Cir., 122 F. 2d 706; Apt v. Birmingham, D.C., 89 F. Supp. 361, 370–71. Here we have not the slightest semblance to a real transfer of property or property right with the relinquishment of any dominion and control. Although I have no reason to doubt the sincerity of the plaintiff, if such entries as he made were ruled suf-ficient, the gift tax provisions of the Internal Revenue Code, in my judgment, would become unenforceable.

■ Nor do I have difficulty to uphold judicially the penalty imposed except for the natural reluctance against such harsh method of enforcement. No matter my feeling, the record made here would not allow refund of the penalty under the construction of the phrase "reasonable cause" as made by higher authority which binds me. Haywood Lumber & Mining Co. v. Commissioner of Internal Revenue, 2 Cir., 178 F.2d 769. See, also, In re Fisk's Estate, 6 Cir., 203 F.2d 358; Commissioner of Internal Revenue v. American Ass'n of Engineers Employment, Inc., 7 Cir., 204 F.2d 19. There is no evidence to the effect that the plaintiff taxpayer relied on the advice of counsel or of expert accountants sought and received in good faith. The burden to excuse the failure to file is on the taxpayer. Berlin v. Commissioner, 2 Cir., 59 F.2d 996; Sabatini v. Commissioner, 2 Cir., 98 F.2d 753, 756; Credit Bureau of Greater New York, Inc., v. Commissioner, 2 Cir., 162 F.2d 7, 9. The informal and haphazard method of inquiry testified to by the plaintiff is an inadequate and insufficient showing to excuse the penalty.

### Findings of Fact

The plaintiff made entries in his permanent and daily ledger account for the years 1943 through 1949 of the sum of $3,000 to each daughter. (Exhibits 1, 2). There was no transfer of any stock, money, property or property right to the daughters during these years until the transfer of certain stock for the accumulated credits during the year 1950. The plaintiff did not relinquish dominion or control over the stock until the year 1950.

At indefinite times before 1950, the plaintiff discussed the gift tax problem informally with a New York bank, an attorney, on one occasion, whose background of practice is unknown, and three unidentified tax agents. There was no formal or written advice ob-

tained by the plaintiff taxpayer in any instance. The plaintiff was advised to file gift tax return in 1952, failed to do so, and the assessment of the tax was made in 1953.

## Conclusions of Law

The court has jurisdiction of the parties and subject matter; the entries in the ledger sheets did not constitute valid and effective gifts during the years in issue, because of failure of proper delivery; the gift tax was properly assessed and imposed for the transfer of stock in 1950; there is no adequate showing of "reasonable cause" nor ordinary business care and prudence to excuse the failure to file the gift tax return for 1950 and allow the refund of the penalty imposed.

Judgment shall enter for the defendant dismissing the complaint in its entirety.