OPINION OF THE COURT
Arnold F. Ciaccio, S.
James P. Monks, the administrator, has petitioned the court for an order to determine the validity and enforceability of the claim filed against the estate by Eleanor Ciotti Grillo (claimant). The administrator has moved for a summary dismissal of the claim. The claimant has responded and made her own motion to grant summary judgment to her. Upon the return date of both the motion and cross motion, both parties through counsel have concurred the issue is ripe for summary judgment and have agreed to its submission to the court on the documents and papers filed. The claim is based upon an alleged inter vivos gift made by the decedent to the claimant over 29 years prior to decedent’s death. Counsel for both sides have conceded issues of intent and acceptance. Remaining for determination is whether or not the gift may be sustained on the basis of there having been an appropriate "delivery” as a matter of law and also of the applicability of the Statute of Limitations. On the state of the record the court sustains the gift and grants summary judgment to the claimant.
FACTS
On January 8, 1996, Eleanor Ciotti Grillo filed a verified claim in this estate claiming the decedent had made an inter vivos gift to her of 100 shares of Eastman Kodak stock, certificate No. RC161744. Submitted in support of her claim was a writing dated March 14,1966 and signed by the deceased which stated: "This is to certify that on this date I have given to Eleanor Ciotti Grillo one hundred (100) shares of Eastman Kodak Co. Stock Cert #RC 161744. This is a gift, tax free, under the terms of a life time gift, in token of her friendship and many kindnesses to me during the years. The stock certificate, along with other papers belonging to Eleanor, will be found in my safe deposit box in an envelope marked with her name. Signed Harriet — Cortright”. (Emphasis added.) The administrator concedes the validity of the writing and the credibility of the statements both the claimant and of one Gloria Viggiani who heard the decedent, contemporaneously with the writing, state she wanted to collect the dividends on the *516 gifted shares of stock during her lifetime. Ms. Viggiani is also one of two witness signatories on the writing. The problem surfaces when at dececlent’s death the stock specified as "Cert #RC 161744” in the writing no longer exists. Sometime in October of 1966, the decedent surrendered certificate No. RC161744 along with other shares of stock for reissuance in her newly married name, Harriet Monks.
During the 29 years after the writing and up to her death, Harriet Monks and Eleanor Grillo remained close personal friends. Harriet continued to hold stock, including Kodak stock, and received dividends which she reported on her income tax returns. At her death, no envelope was found with claimant’s name on it. Decedent did not own a safe-deposit box.
The administrator rejects the claim: (1) that it is barred by the Statute of Limitations; (2) that there was no delivery of the stock certificate, neither actual nor symbolic; and (3) there was no life estate nor remainder interest created by the March 1966 writing.
LAW
Claimant relies heavily on Gruen v Gruen (104 AD2d 171, affd 68 NY2d 48), Matter of Brandreth (169 NY 437) and Miller v Silverman (247 NY 447) which involve inter vivos transfers provided for in writings. (See also, Matter of Maijgren, 193 Misc 814.) The administrator would distinguish them in that in all of the cases relied upon, the gifts as specified in the writings were in existence at the time of death. In Gruen, it was a painting; in Brandreth, it was stock and in Miller, the gift accompanied the writing discovered after death. The issue of symbolic transfer ostensibly made 29 years prior to death is not at issue in these cases.
Of importance here is the distinction between the intent with which an inter vivos gift is made and the intent to make a gift by will. An inter vivos gift requires that the donor intend to make an irrevocable present transfer of ownership. If the intention is to make a disposition effective only after death, the transfer is invalid unless made by will. (McCarthy v Pieret, 281 NY 407, 409; Gannon v McGuire, 160 NY 476, 481; Martin v Funk, 75 NY 134, 137-138.) Acceptance by the donee is essential to the validity of an inter vivos gift. When a gift is of value to the donee, as it is here, the law will presume an acceptance. (Matter of Kelsey, 29 AD2d 450, affd 26 NY2d 792; Beaver v Beaver, 117 NY 421, 429.)
*517 INTER VIVOS GIFTS
The distinction between the inter vivos gift and the testamentary gift is in the postponement of the enjoyment of the testamentary gift until after the donor’s death. (Robb v Washington & Jefferson Coll., 185 NY 485.) It is without caveat that for there to be a valid inter vivos gift there must exist: an intention on the part of the donor to make a present transfer; delivery of the gift, either actual or constructive to the donee; and there must be an acceptance by the donee. (Matter of Szabo, 10 NY2d 94; Matter of Kelly, 285 NY 139, 150; Matter of Van Alstyne, 207 NY 298; Beaver v Beaver, supra, at 428.) The proponent of a gift has the burden of proving each of these elements by clear and convincing evidence. (Matter of Carroll, 100 AD2d 337, 339; Matter of Kelsey, supra, at 456; Matter of Kelly, supra; Matter of Abramowitz, 38 AD2d 387, 389-390, affd 32 NY2d 654.) The correct test to determine whether a transfer is inter vivos or testamentary is " 'whether the maker intended the [gift] to have no effect until after the maker’s death, or whether he intended it to transfer some present interest.’ ” (McCarthy v Pieret, supra, at 409.) As long as the evidence establishes an intent to make a present and irrevocable transfer of title or of the right of ownership, there is a present transfer of some interest and the gift is effective immediately. (Matter of Brady, 228 App Div 56, 60, affd no opn 254 NY 590; In re Sussman’s Estate, 125 NYS2d 584, 589-591, affd no opn 283 App Div 1051; Matter of Valentine, 122 Misc 486, 489.) Thus, in Speelman v Pascal (10 NY2d 313), the Court held valid a gift of a percentage of the future royalties to the play "My Fair Lady” before the play even existed. There, as in this case, the donee received title or the right of ownership to property immediately upon the making of the gift; possession or enjoyment of the subject of the gift was postponed to some future time.
DELIVERY
The factual submission essentially frames the paramount issue for determination to be whether the purported transfer in 1966 included the essential element of delivery of the shares so as to create an inter vivos gift. (Beaver v Beaver, 117 NY 421, supra; Young v Young, 80 NY 422.) The rules requiring actual delivery are not inflexible. (Matter of Van Alstyne, 207 NY 298; McGavic v Cossum, 72 App Div 35; Matter of Mills, 172 App Div 530, affd 219 NY 642.) In Beaver (supra) it was said that the delivery may be symbolical, as where the donor *518 gives to the donee a symbol which represents possession. It was held in McGavic v Cossum (supra), where an instrument of a gift of bonds was delivered, that actual delivery of the bonds was executed where the only reason for not making delivery was the weakened physical condition of the donor and the fact that the bonds were in the custody of a bank in a nearby city. It was said in Van Alstyne (supra, at 309), "The delivery necessary to consummate a gift must be as perfect as the nature of the property and the circumstances and surroundings of the parties will reasonably permit.” Here, the stock certificate was held by the donor so she could receive the income during her lifetime. That intention is most unambiguously set forth in the writing. It is not required that Harriet Monks deliver the certificate to Eleanor Grillo to effectuate delivery only to have Eleanor return the certificate for Harriet’s life use. (Gannon v McGuire, 160 NY, supra, at 482; Gruen v Gruen, 68 NY2d, supra, at 56.)
Even if the donor intended a present gift, does the retention of a life interest defeat such a gift? The Court in Matter of Brandreth (169 NY 437, 441-442, supra) held "[i]n this state a life estate and remainder can be created in a chattel or a fund the same as in real property.” The test remains whether the maker intended the gift to have no effect until after death, or whether the intention was to transfer some present interest. (McCarthy v Pieret, 281 NY 407, supra.)
Case law is clear that delivery can be made symbolically with a writing but the writing must expressly state that the gift is a present one not "to be given” in the future. (Compare, Matter of Curry, 143 Misc 2d 252, with Matter of Nolan, 61 NY2d 856.) Here the decedent wrote, "On this date I have given” and further mentions "this is a lifetime gift”. To this court these words display an unambiguous intention to make a present transfer and made irrevocably. (Matter of Brady, supra.) The gift is effective as of the March 1966 writing. The gift, once given, vests immediately and belongs to the donee irrevocably. Later acts by the decedent cannot revoke or retract the gift. (See, Matter of Maijgren, 193 Misc 814, supra.) Stock in the decedent’s name at the time of death equal to those shares originally gifted belong to the claimant.
STATUTE OF LIMITATIONS
The estate’s position that the claim is barred by the Statute of Limitations and/or laches does not prevail. Having determined that the transfer notwithstanding the passage of *519 29 years was an inter vivos gift when made, conditioned only that the actual benefit would not obtain until the death of the decedent, then it must follow that any cause of action arising out of the transaction could not have arisen until that death. Accordingly, whether it would be a 3, 6, 10 or 15-year Statute of Limitations, it does not prevail to bar the claimant’s position.
CONCLUSION
The court accordingly concludes that Harriet Monks intended to gift shares of Kodak stock to her friend Eleanor Ciotti Grillo as evidenced by the writing. She reserved to herself a life estate when she declared "This is a gift * * * under the terms of a life time gift”. The affidavits of parties who heard the conversations and the statements by the deceased of her retention of a life interest for the purpose of receiving the dividend income fully support an inter vivos gift of the remainder interest in the stock to the claimant. A remainder interest takes effect in possession or enjoyment immediately upon the termination of the prior estate; the life interest of Harriet Monks in the income distribution from the stock. (Matter of Brandreth, supra, at 442.) The remainder interest was vested in title in the claimant at the time of the writing. The writing is an executed contract which cannot be diminished or changed by any subsequent possession or conduct of the donor. (Gruen v Gruen, 68 NY2d, supra, at 54; Gannon v McGuire, 160 NY, supra, at 481.) Harriet Monks’ actions of transferring the stock into her married name and commingling it with other stock does not limit, change, or diminish the gift already given to claimant.
Summary judgment is granted to the claimant. The administrator is directed to turn over 100 shares of Eastman Kodak stock or its cash equivalent value at the date of death.